## *In re* HYDE, Bankrupt.*

## *In re* KING, Bankrupt.

*(District Court, S. D. New York.* February, 1881.)

1. BANKRUPT LAW OF 1841—RULE 30—ADJOURNING QUESTION TO THE CIRCUIT COURT.

The provision of the bankrupt law of 1841, that "the district judge may adjourn any point or question arising in any case in bankruptcy into the circuit court for the district, in his discretion, to be there heard and determined," (5 St. 445,) does not preclude the district judge from exercising that discretion, even though the question has been submitted and he has given an opinion thereon, no final order or decree having been entered. The opinion is subject to revision and correction until the order or decree has been entered.

This interpretation accords with the thirtieth rule in bankruptcy, (Act of 1841).

The importance of the question is a sufficient reason for adjourning it to the circuit court, even though the point is not deemed doubtful by the district judge.

(For opinion of the court referred to see 3 FED. REP. 839.)

*G. F. Betts,* for respondent.

*W. A. Butler,* for petitioner.

CHOATE, D. J. The court, having heard these cases and delivered an opinion therein on all the points and questions submitted in September last, (see 3 FED. REP. 839,) the respondent, Chapman, now moves the court that certain questions arising therein be adjourned into the circuit court. There has been great delay in making the application. The entry of the final orders to carry into effect the opinion of the court has been postponed, on the application of the respond-

*See *ante,* 587, for opinion of Judge Blatchford upon adjournment of the question to the circuit court. The publication of the present opinion has been delayed by the illness of Judge Choate.

ent, to enable him to make a motion for a rehearing, which motion has been made and denied. The respondent has also been very dilatory in submitting to the court the amendments to the proposed orders, which he obtained leave of the court to submit. These laches on the part of the respondent is urged by petitioner's counsel as a reason for denying this application, but, in view of the great importance of the case to the parties, I do not feel at liberty, on this ground, to deny the application, although, so far as it is granted, it will be upon the condition that hereafter there be no delay.

It is urged on behalf of the petitioners that it is now too late to adjourn questions into the circuit court, because the statute does not allow this to be done after the decision of the questions by the district court, and that in this case the questions have been decided by the district court. The provision of the statute is: "The district judge may adjourn any point or question arising in any case in bankruptcy into the circuit court for the district, in his discretion, to be there heard and determined." 5 St. 445. I think the circumstance that the point, or question has been submitted to the district judge, and that he has expressed his opinion thereon, does not preclude him, if in his discretion he thinks it proper and just to do so, from adjourning questions into the circuit court to be there heard and determined. Indeed, it must often happen that until the district judge has heard and examined the whole case he cannot properly or intelligently determine what points or questions are so important or so difficult as to call for the exercise of this discretionary power. Points which upon the pleadings or upon their first statement may appear difficult or important, may be found upon examination to be settled by authority; or, though difficult as abstract questions, wholly unimportant, because not decisive of the matter to be determined. Until an order or decree is entered it cannot be said, in the strict sense of the word, that there is a decision. The court may, notwithstanding its opinion delivered in the cause, enter an order or decree not altogether in conformity therewith. Until the entry of an order or decree its opinion is subject to revision and correc-

tion. This statute, indeed, is capable of a construction that the question or point adjourned is to be heard and determined in the circuit court, and not to be previously heard in the district court, or any decision made thereon in the district court. I think, however, this would be too strict and narrow a construction, in view of the purposes intended to be subserved in this provision of law.

The thirtieth rule in bankruptcy is as follows: "If a point or question arises which is deemed by the district judge difficult and important, the same will be adjourned to the circuit court by order, without motion by either party. Either party desiring such adjournment, and, previous to a final decision or decree in the district court on the point, producing the certificate of counsel that the point is difficult and important, may move the adjournment, and the court, in its discretion, may allow the same on such motion; but, unless both parties concur in the application, the adjournment will be at the expense of the party moving it." This rule seems to show that the power of the district judge to adjourn questions into the circuit court was understood to be cut off only by the entry of a decree or final order by the district court. And such seems to have been the practical application of the statute and the rule in the case of *Mott*, (unreported.)*

The first question which I am asked to adjourn into the circuit court is, in substance, "Whether the district court has power, sitting in bankruptcy, and exercising the jurisdiction conferred by the bankrupt law of 1841, by summary order to set aside, and order to be surrendered and cancelled, deeds given by the official assignee which were improvidently, irregularly, or without due authority executed by him, or which were procured to be executed by imposition and fraudulent practices upon the court, or which were designedly so drawn as to be grants in excess of, or varying in material particulars from, the orders of the court under which they purport to be executed, while the same are still in the hands of the party by whom they were so procured from the assignee, and who had notice of said irregularities and defects, and who gave no

*Ante, 685.*

value therefor except certain sums paid to the official assignee as fees, upon the petition of a party not a creditor of the bankrupt, and having no interest in the matter except that he is in possession of land, claiming title thereto, and that he has been subjected to litigation, or is threatened with litigation, in respect to said land, based upon the deeds sought to be avoided. Whether this power, if it can be exercised at all, can be exercised after the discharge of the bankrupt, and when there are no longer any known assets to be distributed among creditors."

When these petitions were first presented to the court the respondent, Chapman, appeared and moved that the petitions be dismissed on the ground that the court had no power to set aside the deeds upon these petitions. After argument of this motion it was withdrawn, without prejudice to the same point, to be taken up on a hearing on the merits, and the respondent answered. The point was again taken on the final hearing. It was insisted that if the petitioners have any title to relief they must proceed by plenary suit by bill in equity, and not summarily. This point was decided against the respondent. However clear it may seem to me that the court has power to avoid the deeds by summary order, the importance of the question is such that I think I ought to adjourn it into the circuit court.

In *Nelson* v. *Carland*, 1 How. 265, Justice Catron says: "The district judge may adjourn into the circuit court any question, whether he has or has not doubts regarding its decision. Its importance is a sufficient reason." I think this question is of sufficient importance to be so adjourned.

The next question that I am asked to adjourn into the circuit court is whether the sale to Hallihan was valid, and prevented a conveyance subsequently to Hunt. This point is not important because not decisive of the case. It is true that as against Chapman, who acted under the name of Hunt, and was not a *bona fide* purchaser for value, the prior sale to Hallihan, which had never been set aside, is made one of the grounds for holding the deed to Hunt improvidently and illegally given, but the decision does not rest wholly or chiefly

on the validity of this prior sale. The particular point now asked to be adjourned, as to the effect on the sale to Hallihan of the notice of sale being only a six days' notice, whereas the rules of the court required a fourteen days' notice in case of the sale of real estate, was not taken in the argument in this court; nor was it decided that the interest of the assignee, if he had any, which was sold to Hallihan, was real and not personal. This point of the validity of the sale to Hallihan does not touch the principal grounds of the decision,—the fraudulent practice on the court by Chapman, and the fraudulent variance between the orders and the deeds, as to which no questions are asked to be adjourned into the circuit court.

I am asked to adjourn the further question whether the recitals in the deeds given by the assignee are not conclusive in favor of the respondent under section 15 of the act, which provides "that a copy of any decree in bankruptcy, and the appointment of assignees as directed by the third section of this act, shall be recited in every deed of lands belonging to the bankrupt sold and conveyed by any assignees under and by virtue of this act, and that such recital, together with a certified copy of such order, shall be full and complete evidence both of the bankruptcy and assignment therein recited, and supersede the necessity of any other proof of such bankruptcy or assignment to validate the said deed; and all deeds containing such recital, and supported by such proof, shall be as effectual to pass the title of the bankrupt of, in, and to the lands therein mentioned and described to the purchaser, as fully, and to all intents and purposes, as if made by such bankrupt himself immediately before such order." I cannot perceive that there is any question of difficulty or importance, as bearing on this case, growing out of this section. This section provides what shall be recited in an assignee's deed, and the effect of that recital as evidence. It also provides what shall be the effect of his deed as a conveyance. It has no relation to the effect of fraud or imposition practiced by a party obtaining a deed from an assignee, and certainly cannot be construed as taking away any power that the court may have to annul such a deed; nor can it be construed as

having any effect except in case of a *bona fide* purchaser from an assignee.

The first question will be adjourned into the circuit court, to be there heard and determined at the expense of the respondent, Chapman: *provided,* however, that it be there brought on for hearing upon such day as shall be appointed by the circuit judge, upon one day's notice of the application to him for setting the same down for hearing.