*Municipal Court of the City of Boston*

No. 408667

**ARTHUR T. WASSERMAN,
TRUSTEE IN BANKRUPTCY OF
SHANLEY LUMBER COMPANY**

v.

**NATIONAL GYPSUM COMPANY**

(June 29 — July 12, 1956)

*Adlow, C. J.* Action of contract. The plaintiff is the Trustee in Bankruptcy of the Shanley Lumber Company, a New Jersey corporation, with a place of business in Brookline, Massachusetts. In June, 1950 this company mailed its check in the amount of $732.56 to the National Gypsum Company in payment of a debt owed the latter company by the Arey and Russell Lumber Company of Danville, Virginia. Some years later the Shanley Company went into bankruptcy and in this action the trustee in bankruptcy seeks to recover the amount of the payment to the defendant.

*At the trial there was evidence* to the effect that both the Shanley and the Arey and Russell corporations were owned in their entirety by one Jacobson, who was the president of both corporations. The Arey and Russell corporation had been acquired by Jacobson with a view to assuring an adequate lumber supply for the Shanley corporation. At times Jacobson discharged debts of the Arey and Russell Company with funds of the Shanley Company. However, separate books and records were kept by the two corporations, and their funds were not mingled. On January 9, 1950, when the Shanley Company paid the debt of Arey and Russell to the defendant, both companies were solvent. On the face of the check was written "Arey and Russell Account", the invoice number, the amount of the invoice, and the discount. The defendant received and cashed the check, making no inquiry from the Shanley Company about it.

Sometime in 1951 or 1952 Arey and Russell was liquidated; its assets were sold; its creditors paid; and a dividend was turned over to its stockholders. Still later the Shanley Company was adjudicated bankrupt. Some of the creditors of the bankrupt company were creditors at the time the payment in dispute was made to the defendant. The court found as a fact that the check was not issued by the Shanley Company as a loan to Arey and Russell but was issued for the benefit of the Shanley Company.

It is unnecessary to review separately the many requests for rulings of law filed by the plaintiff with the court at the close of the evidence. They are all based on the erroneous theory, seriously entertained by the plaintiff, that there was something wrong about the payment of a routine bill of a company which was virtually a subsidiary of the Shanley Company and which served to supply this company with its business requirements. We may infer from the reported facts that at the time of the payment in issue the Shanley Company had a running account with Arey and Russell. While the exact status of this account does not appear in the report, that there was such an account is evident from the notation on the check paid to the defendant. Whether the Shanley Company was debtor or creditor of the Arey and Russell Company on the date in question is immaterial. On the facts peculiar to this situation there was nothing irregular or improper in the payment of this debt in the manner described. There are circumstances under which rendering financial assistance by one corporation to another may be a proper incident of the business. Such assistance does not constitute the act an ultra vires transaction. *Edwards v. International Pavement Co.*, 227 Mass. 206, 213.

Aside from the indispensible character of Arey and Russell Company with respect to the operation of Shanley Company's affairs, the fact remains that within two years of the disputed payment Arey and Russell was liquidated and its creditors paid. Keeping

in mind the running account of the Arey and Russell corporation on the Shanley corporation's books, can it not be inferred that if any balance was due to the latter corporation it was paid at this time? Nothing to the contrary appears in the report.

Let us examine this claim from the viewpoint of the National Gypsum Company, the defendant. Prior to January 9, 1950 it had a valid and collectible claim against Arey and Russell. Having received a check in payment of said claim, and having credited Arey and Russell with the payment, it disappeared from the scene as a creditor of the Arey and Russell Company. It had no interest in the liquidation of this corporation and could claim nothing from it, though Arey and Russell had ample funds to pay all its debts. Having been deprived by the action of the Shanley Company of its opportunity to be paid in the conventional manner, it little suits the Shanley Company to now disparage its own act of payment. Whether the Shanley Company was under obligation to pay the defendant or not, having done so voluntarily, and without fraud or duress, it is in no position now to recover the money. *Rosenfeld v. Boston Mutual Life Insurance Company*, 222 Mass. 284, 289.

That the Shanley Company was a "one man corporation" at the time of the payment makes the question of authorization of the act of Jacobson immaterial. That both the Shanley and Arey and Russell companies were solvent at the time of payment removes the possibility of any challenge of the act by creditors. *Sweet v. Lang*, 14 F2d 762. This fact of solvency of both corporations distinguishes this case from that adjudicated in *M. McDonough Corp. v. Connolly*, 313 Mass. 62. The plaintiff seeks to recover from the defendant money which was due and owing to it from Arey and Russell and which it would have received from Arey and Russell if the plaintiff's bankrupt had not, in the promotion of its own interests, stepped in and paid the debt. We be-

lieve that the issues raised by this report come clearly within the principle established in *Dome Realty Co. v. Gould*, 285 Mass. 294. Whether or not the amount of the check issued to the defendant was a debit or a credit on the books of the Shanley Lumber Company on the day of the payment, there was ample evidence to warrant the conclusion that after the liquidation of the Arey and Russell Company any indebtedness it might have owed the Shanley Company was paid. At the time of the bankruptcy the assets of the bankrupt were in no wise depleted by the payment in issue. Whatever effect the theory of ultra vires may have on unexecuted transactions, we are aware of no cases involving completed transactions, in which no legal or moral wrong is evident, that recovery has been allowed. *Atherton v. Beaman*, 256 Fed. 871; *Sweet v. Lang*, supra; *Nims v. Mount Hermon Boys' School*, 160 Mass. 177, 179, 180; *Dome Realty Co. v. Gould*, supra.

*Report dismissed.*

Sheff and Gens, for the plaintiff.

Goodwin, Proctor and Hoar, for the defendant.