COMMERCIAL CASUALTY INSURANCE COMPANY *vs.* DANIEL RUSSELL BOILER WORKS, INCORPORATED.

Suffolk. November 30, 1926. — March 2, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Corporation*, Ultra vires. *Estoppel. Contract*, Validity.

The scope of the authority, powers and liability of a corporation is limited by the act creating it, and everyone dealing with it is presumed to know their extent; those powers include transactions fairly incidental or auxiliary to the main business of the corporation and necessary or expedient in the protection, care and management of its property.

A Massachusetts corporation, organized to "buy, sell, manufacture, repair and deal in steam and other boilers, engines, dynamos, tanks, machinery and other merchandise and manufactures of iron, steel and other metals," has no power to agree in writing with a surety company to indemnify it against loss due to its being surety upon a bond given by a third party to a fourth party guaranteeing the making of certain payments in a transaction in which the corporation has no financial interest, even though the surety company had no knowledge that the corporation signed the agreement merely for accommodation.

The mere fact, that the surety company in the circumstances above described was informed that the corporation was interested in the transaction, does not estop the corporation from relying on the defence of *ultra vires*, where there is nothing to show that the person giving such information was authorized by the corporation to do so.

CONTRACT, for $1,198.14 and $106, upon a contract in writing by the defendant to indemnify the plaintiff from and against any and all loss which it might sustain by reason of its executing a bond in the sum of $5,300 running to A. F. Cochrane Company, guaranteeing payment of notes for the purchase of certain material. Writ dated May 19, 1925.

In the Superior Court, the action was referred to an auditor, his findings of fact to be final. Material facts found by the auditor are stated in the opinion. Each party moved for judgment in its favor upon the auditor's report. The plaintiff's motion was allowed and the defendant's motion was denied. The defendant appealed.

*C. C. Steadman,* for the defendant.

*J. M. Raymond, (E. L. Twomey* with him,) for the plaintiff.

SANDERSON, J. The plaintiff, a corporation engaged in writing surety bonds, credit and other insurance, executed a bond as surety, pursuant to an application therefor signed by Thomas Berry and Edward F. Wallace, copartners doing business as the Hanover Sales Company (hereinafter called the Sales Company), Ernest W. Norton, Commonwealth Pipe and Supply Company and the defendant, all of whom were also named in the bond as principals. This bond was given to the A. F. Cochrane Company (hereinafter called the Cochrane Company), and was conditioned upon the performance by the Sales Company of all the terms of an agreement between the two companies, and also upon the payment of certain notes given as part payment for materials purchased by the Sales Company from the Cochrane Company. In accordance with its obligation under the bond, the plaintiff paid the Cochrane Company the amount due upon the notes, for which it has been reimbursed in part, leaving a balance of $1,198.14; this amount, together with the premium on the bond provided for in the application, it now seeks to recover. The defendant is a Massachusetts corporation organized to "buy, sell, manufacture, repair and deal in steam and other boilers, engines, dynamos, tanks, machinery and other merchandise and manufactures of iron, steel and other metals." The order appointing the auditor states that his findings of fact are to be final.

He found that the defendant had no financial interest in the transaction; that Russell, its treasurer, signed the bond for the accommodation of Berry, one of the partners; and that of this fact the plaintiff had no knowledge. He further found that Russell had authority to bind the defendant by signing its name to the application and bond without the

knowledge of the other directors; but declined to make any finding upon the defence of *ultra vires*, that being a question of law. Considered together, these findings must mean that Russell's authority to bind the defendant existed only in case the contract was one which it had power to make. The auditor further found that the representative of the plaintiff believed the statement made to him by Berry, that the defendant was interested in the purchase from the Cochrane Company. There is nothing in the findings to indicate that Berry had authority to speak for the defendant, and the plaintiff could acquire no rights against it by relying upon the statement of a stranger. *Usher* v. *Raymond Skate Co.* 163 Mass. 1, 4.

The scope of the authority, powers and liability of a corporation is limited by the act creating it, and everyone dealing with it is presumed to know their extent. *Monument National Bank* v. *Globe Works*, 101 Mass. 57, 58. These powers include transactions "fairly incidental or auxiliary to the main business of the corporation and necessary or expedient in the protection, care and management of its property." *Teele* v. *Rockport Granite Co.* 224 Mass. 20, 25.

It is provided by G. L. c. 158, § 10, that a "corporation . . . shall not direct its operations or appropriate its funds to any other purpose than that specified in its agreement of association or its charter, as the case may be." In Massachusetts an ordinary business corporation cannot become surety for another corporation or an individual in a matter not connected with the purposes for which it was created, and for which the corporation has received nothing in money or property; and a guaranty in such a matter is held to be the exercise of a power not conferred, even though certain benefits to the corporation were expected to result from the transaction and the other party has incurred expenses on the faith of the guaranty. *Davis* v. *Old Colony Railroad*, 131 Mass. 258, 275, 276. *Nowell* v. *Equitable Trust Co.* 249 Mass. 585, 599, 600. See also *Wm. Filene's Sons Co.* v. *Gilchrist Co.* 284 Fed. Rep. 664; certiorari denied, 260 U. S. 750. In *Monument National Bank* v. *Globe Works, supra,* a manufacturing company was held to be liable on its ac-

commodation note in the hands of a holder in good faith for value who took it before maturity and without knowledge that the maker had not received full consideration. The doctrine of *ultra vires* was said not to apply in that case because the transaction was within the general power of the corporation and was an abuse of that power in a particular instance, the abuse not being known to the other contracting party. See *Timberlake* v. *United Order of the Golden Cross,* 208 Mass. 411, 422. Cases like *Broadway National Bank* v. *Baker,* 176 Mass. 294, and *Edwards* v. *International Pavement Co.* 227 Mass. 206, are distinguishable in their facts from those in the case at bar. The fact that the plaintiff is found to have had no knowledge that the defendant signed for accommodation is immaterial. In *Nowell* v. *Equitable Trust Co., supra,* at page 603, the court said: "We think it will be found that that principle [of estoppel] has been applied only in instances where the fruits of the *ultra vires* contract have inured to the benefit of the corporation setting up *ultra vires* as a defence and that it has not been applied in instances where the benefit of the executed contract has gone to someone else." On the face of the bond the transaction purported to be one in which the defendant was undertaking to be responsible for the obligations of the Sales Company, and, upon the facts found, the defendant in signing the application and bond was exercising a power not conferred upon it. The defendant's motion should have been granted.

*Judgment for defendant.*