HARE AND CHASE, INCORPORATED, *vs.* COMMONWEALTH
DISCOUNT CORPORATION.

Suffolk. March 9, 1927. — May 24, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Bills and Notes*, Consideration. *Guaranty*. *Corporation*, Ultra vires.

A Massachusetts corporation, authorized by its charter to lend money upon automobiles and their accessories, upon leases, conditional bills of sale or mortgages thereon, and to do all things legal and incidental thereto, including the possession and sale of automobiles, "and in general to conduct the business of financing sales and purchases of automobiles and automobile accessories by loans secured by same or by dealers' notes," requested a second corporation to advance money upon the business of automobile distributing upon its guaranty and indorsement of the distributor's notes. In an action by the second corporation against the first, upon such a guaranty, it was *held*, that

(1) The advance of money to the distributor by the plaintiff at the defendant's request was a good consideration for the defendant's indorsement;

(2) The defendant's guaranty was within the powers given it by its charter;

(3) The notes were not indorsed by the defendant for accommodation;

(4) A finding for the plaintiff was warranted.

BILL IN EQUITY, filed in the Superior Court on April 28, 1926, to reach and apply certain notes, chattel mortgages and contracts in payment of an alleged debt due to the plaintiff from the defendant.

In the Superior Court, the suit was heard by *Weed*, J., "on the sole issue — whether or not the defendant is indebted to the plaintiff as alleged in the bill." A stenographer was appointed under G. L. c: 214, § 24, Equity Rule 29 (1926),

to take the evidence. Material facts are stated in the opinion. The judge found and ruled that the defendant was indebted to the plaintiff in the sum of $37,386.75 and interest, and, it appearing that the parties had agreed upon an arrangement whereby the property of the defendant referred to in the bill of complaint was to be applied to the payment of the defendant's indebtedness, a final decree was entered directing the payment of the debt. The defendant appealed.

*W. P. Everts*, for the defendant.

*R. G. Dodge*, (*L. Curtis, 2d*, with him,) for the plaintiff.

CARROLL, J. The defendant appealed from a final decree adjudging it to be indebted to the plaintiff in the sum of $37,878.08 on certain promissory notes.

The plaintiff and defendant were each engaged in financing automobile purchases. There are two departments of this business; in the retail department the purchasers' notes for part of the purchase money are discounted for the distributor by the finance corporation; in the wholesale branch the finance company advances the money or gives its credit to the dealer in purchasing cars. The plaintiff had various subsidiaries, among them one in Boston and one in Portland, Maine. The latter was taken over by the parent company. Two of the notes in question were originally taken by the Portland company and the others by the Boston company. All the notes were purchased from the subsidiary companies by the plaintiff. The notes involved in this case were made by J. W. Maguire Company, the Boston distributors of the Pierce Arrow car; and there was evidence that the defendant at the time in question was confining its business to this company. R. S. Burns was the defendant's treasurer and had general charge of its affairs.

Two of the notes made by J. W. Maguire Company were payable to bearer and indorsed in the name of the defendant by R. S. Burns, as treasurer. There was evidence that these were renewal notes discounted for the defendant by the Hare and Chase company of Maine, in October, 1925, the defendant receiving the full value for these notes by check of the Maine company.

In December, 1925, after dealings between the defendant

and the Maine company had been discontinued, Burns opened negotiations with that company in relation to the financing of J. W. Maguire Company's wholesale business, a representative of the defendant stating that it was important the mortgages should not be recorded, and that he was willing to have the checks made payable to J. W. Maguire Company. It was agreed that the notes should be indorsed by the defendant. Burns was to furnish "a guaranty of the dealer's obligation." The contract of guaranty was authorized by the defendant's directors and was executed and delivered to the plaintiff's agent. The notes referred to in paragraph one of the bill were taken in pursuance of this agreement. In all of the transactions between the Hare and Chase company of Boston and the defendant, the checks were made payable to J. W. Maguire Company with the exception of one check payable to the National Shawmut Bank.

The two Portland notes were indorsed by the defendant's treasurer in the regular course of business. They were renewals of notes purchased from the defendant by the Maine company. Burns as treasurer of the defendant had power to indorse the notes. *Merchants' National Bank of Gardiner* v. *Citizens' Gas Light Co. of Quincy,* 159 Mass. 505, 507. *Horgan* v. *Morgan,* 233 Mass. 381.

The remaining notes grew out of the Boston transactions. The advances of money to J. W. Maguire Company from Hare and Chase of Boston, Inc., at the request of the defendant, were good considerations for the defendant's indorsements. See *Commercial Credit Co.* v. *M. McDonough Co.* 238 Mass. 73, 78. There was sufficient evidence that the indorsements were authorized or ratified. See *Hartford* v. *Massachusetts Bowling Alleys, Inc.* 229 Mass. 30, 32; *Boice-Perrine Co.* v. *Kelley,* 243 Mass. 327, 330, 331.

The principal contention of the defendant is that the guaranty was *ultra vires* the corporation. The defendant was a Massachusetts corporation. It was authorized by its charter to lend money upon automobiles and their accessories, upon leases, conditional bills of sale or mortgages thereon, and to do all things legal and incidental thereto,

including the possession and sale of automobiles, "and in general to conduct the business of financing sales and purchases of automobiles and automobile accessories by loans secured by same or by dealers' notes." Under this broad power and authority given the corporation by its charter, it could guarantee obligations of J. W. Maguire Company. The indorsement and guaranty of the notes were incidental to the business nominated in the charter, and were in the promotion of its own business. In this respect the case is governed by *Teele* v. *Rockport Granite Co.* 224 Mass. 20, 25, *Edwards* v. *International Pavement Co.* 227 Mass. 206, 211, 213, *Bennett* v. *Corporation Finance Co. Inc.* 258 Mass. 306.

The facts in *Nowell* v. *Equitable Trust Co.* 249 Mass. 585, *Commercial Casualty Ins. Co.* v. *Daniel Russell Boiler Works, Inc.* 258 Mass. 453, and similar cases, distinguish them from the case at bar. In those cases the corporations exceeded their authority and the acts involved were *ultra vires* the corporations.

The notes were not indorsed for accommodation. As has been stated, the advances of money by Hare and Chase of Boston, Inc., to J. W. Maguire Company were made at the request of the defendant and were supported by a consideration. *Commercial Credit Co.* v. *M. McDonough Co. supra.*

The judge was warranted in finding for the plaintiff.

*Decree affirmed with costs.*