AMERICAN SURETY COMPANY OF NEW YORK *vs.* 14 CANAL STREET, INC.

Suffolk.   May 20, 1931. — June 23, 1931.

Present: RUGG, C.J.; CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Corporation,* Ultra vires, Subsidiary.   *Contract,* In writing, Of indemnity. *Evidence,* Competency, Relevancy and materiality.

At the trial of an action by a surety company against a corporation which had given the plaintiff an agreement of indemnity against loss it might suffer by reason of its executing and delivering a bond to dissolve an attachment of a motor truck in an action against another corporation than the indemnifying corporation, it was proper to admit in evidence the entire application for the bond to dissolve attachment and the entire agreement of indemnity, and not to limit the admission to certain pages thereof, the application and the agreement being contained in a single document.

At the trial of the action on the agreement of indemnity above described, the defendant admitted the genuineness of the signature to the bond, application and agreement of indemnity, but contended that the execution of the agreement of indemnity by the defendant

was *ultra vires.* There was evidence that the entire capital stock of the corporation whose property was released from attachment by the bond executed by the plaintiff was owned by the defendant, the indemnifying corporation, which had received it at the organization of the first corporation in consideration of furniture conveyed to it; and that both corporations dealt in furniture. An employee in the office of general insurance agents, a part of whose duty was to receive applications for bonds to be executed by the plaintiff, and who had looked up the rating of the first corporation, was permitted, subject to exception by the defendant, to state that he could find no rating for that corporation, but did find a rating for the defendant which afterwards executed the indemnifying agreement. *Held,* that the admission of the evidence disclosed no error.

It also was proper, at the trial of the action above described, to admit in evidence answers to interrogatories propounded by the plaintiff to the defendant which related to the history and business of the first corporation and its connection with the defendant and the interest of the defendant in the assets of the first corporation.

It further was proper, at the trial above described, to admit in evidence a duly authenticated copy, issuing from the Secretary of State of the State of the incorporation of the first corporation, of its articles of organization and its annual returns which showed that all its stock was owned by the defendant and that its treasurer and assistant treasurer, who were two of its three directors, were the president and treasurer of the defendant.

Upon the evidence above described showing a community of business interest between the two corporations and ownership by the defendant of all the capital stock of the first corporation it was *held,* that the execution by the defendant of the contract of indemnity was not an act *ultra vires,* and that it was incidental to the business authorized by its charter.

CONTRACT upon an agreement, executed by the defendant, the name of which then was J. M. Mann, Inc., "to indemnify and save harmless the plaintiff if it would execute as surety a bond to dissolve an attachment upon which Fontaine Furniture Company, a New Hampshire corporation, was principal." Writ in the Municipal Court of the City of Boston dated December 23, 1929.

On removal to the Superior Court, the action was tried before *Gibbs,* J. Material evidence, special questions to the jury, and exceptions saved by the defendant are stated in the opinion. There was a verdict for the plaintiff in the sum of $1,075.50. The defendant alleged exceptions.

*A. Sigel,* for the defendant.

*A. Marshall,* (*E. G. Angevine* with him,) for the plaintiff.

CROSBY, J. This action to recover for breach of an agreement of indemnity was tried before a jury in the Superior Court. The jury found for the plaintiff in the sum of $1,000, the amount claimed in the declaration, with interest thereon from August 15, 1929, which was the date of the payment by the plaintiff, as surety, of the penal sum of the bond. The agreement of indemnity was executed and delivered by J. M. Mann, Inc. to the plaintiff. The case is before this court on the defendant's exception to the admission of certain evidence, to the direction by the trial judge that if certain questions propounded to the jury were answered in the affirmative a verdict should be returned for the plaintiff, and to portions of the charge.

At the time the cause of action arose, the defendant, 14 Canal Street, Inc., a Massachusetts corporation, was named J. M. Mann, Inc. On or about September 22, 1923, J. M. Mann, its treasurer, Benjamin A. Elfman, its president, and Lionel Fontaine associated and formed a New Hampshire corporation by the name of Fontaine Furniture Company with Fontaine as president, Mann as treasurer and Elfman as assistant treasurer. In accordance with a vote passed at the first meeting of the incorporators, two hundred fifty shares of stock of the corporation were issued to J. M. Mann, Inc., in consideration of the transfer by it to the furniture company of the assets of a corporation known as Lionel Fontaine, Inc. which had been sold in bankruptcy proceedings in August, 1923, to J. M. Mann, Inc. The two hundred fifty shares of stock so issued constituted the entire outstanding stock of the furniture company.

By a writ dated July 7, 1926, one Harry Novak brought an action against the furniture company, in the Superior Court for Hillsborough County, New Hampshire, and attached as the property of the defendant in that action a motor truck which had been used in the business of the furniture company and had been purchased in exchange for a truck which was a part of the assets transferred by J. M. Mann, Inc., to the furniture company. J. M. Mann, Inc., was in the business of dealing in furniture, carpets, rugs, and other merchandise. There was evidence from which it could

be found that the furniture company was a subsidiary of J. M. Mann, Inc., and bought nearly all of its goods from that company. J. M. Mann had charge of the finances of the furniture company and Fontaine looked to him for directions in its management. After the truck was attached in the action brought by Novak, application was made to the plaintiff in this action for a bond to dissolve the attachment. An application and an agreement of indemnity under seal were executed by J. M. Mann, Inc., through its treasurer who made oath "that he knows the seal of said corporation; that the seal affixed to said instrument was such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order." It could have been found that the plaintiff, upon this application and in reliance upon the agreement of J. M. Mann, Inc., to indemnify and save the plaintiff harmless from loss on account of having become surety on the bond to dissolve the attachment, executed and delivered a bond to the sheriff of Hillsborough County, New Hampshire. It is undisputed that on July 6, 1929, the sheriff made demand upon the plaintiff for payment of $1,000 as the penal sum of the bond, judgment having been obtained by Novak against the Fontaine Furniture Company in said action in the sum of $1,893.12 on or about July 1, 1929, and not having been satisfied. The plaintiff made demand upon the defendant for the amount demanded by the sheriff but the defendant failed to pay the plaintiff and did not pay the amount of the bond or any part of it. On August 14, 1929, the plaintiff paid the sheriff $1,000, the penal sum of the bond. The plaintiff has never been reimbursed for this payment by J. M. Mann, Inc., by the Fontaine Furniture Company or by 14 Canal Street, Inc. At the trial the defendant admitted the genuineness of the signature to the bond, application and agreement of indemnity, but contended that the execution of the agreement of indemnity by J. M. Mann, Inc., was *ultra vires.*

The trial judge submitted to the jury three questions as follows: (1) "was there a community of business interest between the Fontaine Furniture Company and the J. M.

Mann, Inc."? (2) "was the Fontaine Furniture Company a subsidiary company of the J. M. Mann, Inc.?" and (3) "did the J. M. Mann, Inc., receive a benefit in money or property by agreeing to indemnify the American Surety Company in connection with loss?" The judge instructed the jury that if they should answer questions 1 and 2 in the affirmative they should return a verdict for the plaintiff for $1,000 plus interest from August 15, 1929, and if they should answer the third question in the affirmative they should return the same verdict, but that if they should answer the three questions in the negative then their verdict should be for the defendant. The jury answered each question in the affirmative and returned a verdict for the plaintiff for $1,000 with interest from August 15, 1929. All material evidence is contained in the bill of exceptions.

The defendant excepted to the refusal of the judge to limit the admission of the application for a bond and agreement of indemnity to the second and third pages thereof. The application and agreement are contained in a single document which was properly admitted in its entirety.

One Feeney, a witness called by the plaintiff, testified that she was employed in the office of general insurance agents and that it was a part of her duty to receive applications for bonds to be executed by the plaintiff. She was asked if she looked up the rating of the Fontaine Furniture Company and replied that she did. She was then asked what she found, and answered, subject to the defendant's exception, that she could find no rating for that company in Dun's rating book but did find a rating for J. M. Mann, Inc. As the Fontaine Furniture Company was wholly owned by J. M. Mann, Inc., and could have been found to have been a subsidiary of the latter, which did have a rating, J. M. Mann, Inc.'s guaranty of indemnity of the bond of its subsidiary was given for the protection of its property and was incidental to its business. There was no error in the admission of this evidence.

The defendant excepted to the admission of all the answers to interrogatories propounded by the plaintiff to Lionel Fontaine, save the first. The answers excepted to,

thirty-two in number, need not be referred to separately. It is sufficient to say that they related to the history and business of the Fontaine Furniture Company and its connection with J. M. Mann, Inc., and the interest of the latter in the assets of the furniture company. These facts were of probative value upon the defence of *ultra vires*. This exception is overruled.

The judge admitted in evidence, subject to the defendant's exception, a duly authenticated copy of the articles of organization and the annual returns of the Fontaine Furniture Company on file in the office of the Secretary of State of New Hampshire. The records so admitted showed that all the stock of the company was owned by J. M. Mann, Inc., and that Mann and Elfman, treasurer and president of J. M. Mann, Inc., were treasurer and assistant treasurer and two of the three directors of the Fontaine Furniture Company during all the time material in the case at bar. This exception is without merit. A certified copy of an amendment to the agreement of association changing the name of the corporation J. M. Mann, Inc., to 14 Canal Street, Inc. was admitted without objection.

At the close of the evidence the defendant filed a motion for a directed verdict, which was denied subject to its exception. The defendant also excepted to various portions of the instructions to the jury. The motion for a directed verdict and the exceptions to portions of the charge relate to the question whether the defence of *ultra vires* was open to the defendant in view of the entire evidence and the reasonable inferences to be drawn therefrom.

There was no error in the submission of the three questions to the jury. They were pertinent to the issue whether the defence of *ultra vires* constituted a defence to the action. The jury found in answer to the questions propounded that there was a community of interest between the Fontaine Furniture Company and the defendant; that the furniture company was a subsidiary of J. M. Mann, Inc.; and that J. M. Mann, Inc., received a benefit in money or property by its agreement to indemnify the plaintiff against loss by becoming surety on the bond. These findings were fully

warranted by the oral and documentary evidence. The general rule is well established that a corporation has no authority to engage in any business which is not fairly included under the terms of the charter by which it is created, and the judge, in substance, so instructed the jury. That general rule is not applicable to the facts found in the present case. The execution by J. M. Mann, Inc., of the agreement to indemnify the plaintiff against loss on account of this bond signed by the Fontaine Furniture Company, its wholly owned subsidiary, did not constitute carrying on the business of a surety or indemnity company within the meaning of those words in the charter of J. M. Mann, Inc. The execution of the indemnity agreement by J. M. Mann, Inc., was a legal and proper act by the latter in the protection of its property acquired through its ownership of the entire stock of the New Hampshire corporation. We are of opinion that, upon the facts found and the entire evidence, the contract of indemnity was incidental to the business authorized by the charter of J. M. Mann, Inc. "We know of no rule or principle by which an act creating a corporation for certain specific objects or to carry on a particular trade or business is to be strictly construed, as prohibitory of all other dealings or transactions, not coming within the exact scope of those designated. Undoubtedly the main business of a corporation is to be confined to that class of operations which properly appertain to the general purposes for which its charter was granted. But it may also enter into contracts and engage in transactions which are incidental or auxiliary to its main business." *Brown* v. *Winnisimmet Co.* 11 Allen, 326, 334. *Lyndeborough Glass Co.* v. *Massachusetts Glass Co.* 111 Mass. 315, 317. *Davis* v. *Old Colony Railroad*, 131 Mass. 258, 271–272. *Gloucester Water Supply Co.* v. *Gloucester*, 179 Mass. 365, 379. *Hollywood* v. *First Parish in Brockton*, 192 Mass. 269, 277. *Edwards* v. *International Pavement Co.* 227 Mass. 206. *Commercial Casualty Ins. Co.* v. *Daniel Russell Boiler Works, Inc.* 258 Mass. 453, 455. To have the truck released on the attachment was a property benefit to the defendant and the jury were fully justified in so finding.

Besides, the plaintiff paid to the extent of $1,000 the judgment obtained by Novak against the Fontaine Furniture Company which otherwise would have been a charge upon the assets of the Fontaine Furniture Company and therefore a charge upon the assets of its owner, the defendant. The defendant cannot receive the benefits of the contract of indemnity and leave the plaintiff without a remedy upon the facts disclosed by this record. *Nowell* v. *Equitable Trust Co.* 249 Mass. 585, 601. To decide that this action cannot be maintained would be contrary to sound principles and manifest justice.

No error of law is shown in the conduct of the trial.

*Exceptions overruled.*