DOME REALTY CO. *vs.* J. S. GOULD.

Suffolk. November 9, 10, 1933. — February 14, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Fraud. Corporation*, Officers and agents, Ultra vires, Checks. *Estoppel.*

All the capital stock of a corporation was held by its treasurer and his wife and his son. The treasurer had been accustomed to use the corporation as a medium or straw through which he transacted business. A creditor of the treasurer brought a suit in equity against him and the corporation to establish a personal debt of the treasurer and to reach and apply in satisfaction thereof funds alleged to be owed the treasurer by the corporation and his interest in the corporation. In

settlement of the suit, the treasurer, with the knowledge and assent of all stockholders and officers of the corporation, but without a formal vote, drew a corporation check on the corporation funds and delivered it to the plaintiff in the suit, mutual releases were given by all parties, and the suit was dismissed. The corporation was not then indebted to the treasurer, but within a few months thereafter he deposited to its credit his own money in a sum substantially greater than the amount of the check. About three years later a receiver of the corporation was appointed and brought an action in the name of the corporation against the treasurer's creditor to recover the amount of the check. It was not shown that, at the time of the giving of the check, the corporation was insolvent or in danger of becoming so or that any creditor of the corporation was injuriously affected by its being given. There was a finding for the defendant. The plaintiff alleged exceptions. *Held*, that

(1) In the circumstances, the payment of the check in settlement of the suit in equity did not constitute a fraud upon the corporation;

(2) The treasurer was authorized to draw the check on the corporation funds: the lack of a formal vote was not conclusive against his authority, it appearing that all the stockholders and officers of the corporation assented with knowledge;

(3) Although the payment by the corporation was *ultra vires*, the corporation in the circumstances was estopped to contend that it was *ultra vires*;

(4) The receiver in the circumstances had no rights beyond those which could have been enforced by the corporation itself, its stockholders, or creditors;

(5) The finding for the defendant was warranted.

CONTRACT. Writ in the Municipal Court of the City of Boston dated May 3, 1932.

Upon removal to the Superior Court, the action was referred to an auditor. Material facts found by the auditor are stated in the opinion. After the filing of the auditor's report, the action was heard by *F. T. Hammond*, J., without a jury. He found for the defendant. The plaintiff alleged exceptions.

*H. P. L. Partridge*, for the plaintiff.

*F. L. Norton*, for the defendant.

CROSBY, J. This action is brought to recover $5,500, the amount of a check signed by the plaintiff's treasurer, payable to the order of the defendant and received in payment of an individual indebtedness of the treasurer, with knowledge on the defendant's part that the check was drawn against corporate funds. The case was referred to

an auditor whose findings were not to be final. Rule 88 of the Superior Court (1932). At the trial the parties entered into a written agreement supplementing the auditor's report. The agreement is included in the bill of exceptions, and constitutes the only evidence other than the report. At the conclusion of the hearing on the report the defendant moved in writing that the judge find for the defendant. The motion was allowed subject to the plaintiff's exception.

The auditor found that the check was given in settlement of a suit in equity brought by this defendant against this plaintiff and its treasurer, one Samuel Rottenberg, to reach and apply funds which Gould alleged the Dome Realty Co. owed its treasurer and the interests which Gould alleged the treasurer held, and apply the same upon indebtedness of such treasurer to Gould. The directors of the corporation had all the powers of the corporation, except as otherwise provided by the by-laws. The auditor further found that at the time the check for $5,500 was delivered mutual releases were executed between the present plaintiff, its treasurer, Gould and others in the presence of the plaintiff's treasurer and his wife, who, with their son Bernard, were the holders of all the stock of the corporation, namely six hundred fifty shares. At the time the check was given the corporation was a going concern engaged in building and operating certain apartment houses. There was no evidence that the Dome Realty Co. at the time of said settlement was insolvent or owed any considerable amounts of money except upon notes secured by mortgage, and certain other sums aggregating $5,932.13, which were paid within a short time of the settlement; all of these debts appear to have been incurred in the usual course of business. In addition to the facts found by the auditor, it was agreed by the parties that Hall-Gregg Incorporated brought a suit against the present plaintiff to recover for merchandise sold and delivered, and that judgment was entered in favor of the plaintiff therein on September 26, 1930, in the sum of $2,400.96 damages and costs, which has not been satisfied in whole or in part. It is also agreed that the plaintiff gave three mortgages upon real estate; that all these mortgages

were foreclosed by sale by the mortgagee to itself on or about October 15, 1932. Each sale was for less than the amount unpaid upon the mortgage.

The auditor found that the defendant in accepting the check in question acted in good faith, unless as matter of law his acceptance and collection of the check, with knowledge that it was drawn and paid out of corporate funds, were conclusive, of themselves, in establishing that the receipt by him of the check was in fraud of the plaintiff; that the defendant did not know whether or not the corporation was indebted to Rottenberg; that although on February 6, 1929, no money was actually due Rottenberg by the corporation for loans, yet, between February 24, 1929, and July 1, 1929, he deposited from his own money $12,000 to the credit of the corporation, none of which sums had been repaid by July 1, 1929, and that these transactions were carried on without objection from anyone and were in accordance with Rottenberg's custom to use the corporation as a medium or straw through which he transacted business; that the transactions were not authorized by any vote of the directors or stockholders so far as appears from the records, but that upon the evidence it did not appear that he intended to defraud the corporation, its stockholders, directors or creditors.

The final conclusions of the auditor are as follows: The payment of $5,500 to the defendant Gould on February 6, 1929, was made in settlement of a private debt of Samuel Rottenberg, that it was paid by a check signed by the corporation by Samuel Rottenberg, its treasurer, and drawn upon bank deposits belonging to said corporation; that these facts were known to said Gould and to all the stockholders and officers of the corporation who all assented to the payment for said purpose; that no vote of the corporation authorized such payment; that at the time of the said payment the corporation was not indebted to Rottenberg; that at that time Gould did not know whether or not the corporation was so indebted to Rottenberg; that all the parties to the former suit acted in good faith in making said settlement; that there was no evidence that any indebted-

ness of the corporation outstanding on February 6, 1929, existed when the receiver was appointed, nor was there any evidence that the corporation was insolvent at the time the settlement was made. Upon these findings the auditor found that the payment of the check of $5,500 to the defendant and his acceptance thereof were not in fraud of the corporation.

The case is before this court solely upon the report of the auditor and an agreed statement of facts. The auditor's report is *prima facie* evidence upon such matters as are embraced in the order. G. L. (Ter. Ed.) c. 221, § 56. The auditor upon the facts found by him found for the defendant. The trial judge at the conclusion of the hearing on the auditor's report found for the defendant. "Where facts enough appear on the face of the auditor's report to warrant more than one inference, it is open to the court or jury to draw a different one from that of the auditor." *Fisher* v. *Doe*, 204 Mass. 34, 41. It was said in the recent case of *Ballou* v. *Fitzpatrick*, 283 Mass. 336, at page 339: "The general finding of the trial judge rendered upon an auditor's report as the sole evidence imports the drawing of all rational inferences and the finding of all subsidiary facts tending to support that conclusion of which the case is susceptible."

It appears from the writ, dated May 3, 1932, that the action was brought in the name of the plaintiff corporation by Harvey P. L. Partridge who was duly appointed receiver on February 5, 1932. The plaintiff seeks to recover from the defendant, a former creditor of the plaintiff's treasurer, $5,500 paid the creditor from the corporate funds, by a check drawn by the treasurer about three years before the receivership and when the corporation was solvent and a going concern, in compromise and settlement of a suit in equity brought by the creditor against the corporation and its treasurer to reach and apply the interest of the treasurer in the corporation in satisfaction of his debt of $20,000 to the creditor; the payment was part of a transaction which included the dismissal of the bill and the giving of mutual releases between the corporation, its treasurer and his

creditor and was fully carried out in the office of the attorney of the corporation in his presence and in the presence of the treasurer, his creditor and the owners of six hundred twenty-five shares out of a total of six hundred fifty shares of stock of the corporation, and with the assent of every director, officer and stockholder, including the holder of twenty-five shares who was not present. The auditor found that "all the then stockholders and officers of said corporation knew all the circumstances and assented to the payment." The payment so made upon findings of the auditor did not constitute fraud upon the plaintiff corporation.

Although the payment discharged the individual debt of the plaintiff's treasurer, it also released the corporation from claims in which it was an interested party. The findings of the auditor show that the defendant in consideration of the payment to him released all his claims against the plaintiff's treasurer, his wife, who owned a majority of its stock and who the defendant contended was a straw for her husband, and against the plaintiff as equitable trustee for its treasurer in which capacity in its answer it admitted that it owed its treasurer $200.

In the absence of a report of the evidence the question for this court to decide upon the facts found by the auditor and the reasonable inferences to be drawn therefrom is whether the general finding for the defendant was warranted. If the payment was a fraud upon the corporation the plaintiff is entitled to recover. The findings show that the payment not only discharged the plaintiff's treasurer from liability in the equity suit, but released and discharged the corporation which also was a party defendant in that suit. It is plain that, upon the facts found, the payment was not a fraud upon the corporation. Where, as here, all the stockholders and officers, with full knowledge of the facts, assented to the transaction, the corporation cannot complain that it was fraudulent. *Arnold* v. *Searing*, 73 N. J. Eq. 262. *Pocantico Waterworks Co.* v. *Low*, 20 Misc. (N. Y.) 484.

The plaintiff and all its stockholders, having assented to

the payment, cannot three years afterwards object to it on the ground that it was *ultra vires.* *Kent* v. *Quicksilver Mining Co.* 78 N. Y. 159, 188. The receiver in the present case succeeds to no rights beyond those which could have been enforced by the corporation itself, its stockholders or creditors. Thompson, Corp. (3d ed.) § 2905. Although there was no formal vote of the stockholders or directors the act of the treasurer in making the payment was not invalid for that reason, as every stockholder and officer assented to it. "Authority in the agent of a corporation may be inferred from the conduct of its officers, or from their knowledge and neglect to make objection, as well as in the case of individuals." *Sherman* v. *Fitch*, 98 Mass. 59, 64. See also to the same effect *England* v. *Dearborn*, 141 Mass. 590, at page 592. It was said by Knowlton, J., in *Nims* v. *Mount Hermon Boys' School*, 160 Mass. 177, at pages 179–180: "Courts have been astute to discover something in the nature of an equitable estoppel against one who, after entering into such a contract and inducing a change of condition by another party, attempts to avoid the contract by a plea of *ultra vires.* It is said that such a plea will not avail when to allow it would work injustice and accomplish legal wrong." To the same effect are the decisions in *Railway Co.* v. *McCarthy*, 96 U. S. 258, 267, and *San Antonio* v. *Mehaffy*, 96 U. S. 312, 315. The plaintiff in the present action was a party defendant in the suit in equity and was enjoined from paying its treasurer Rottenberg any money except for salary, and from transferring any stock belonging to him. If the suit had not been settled the plaintiff would have been obliged to defend it, employ attorneys and incur other necessary expenses involved in the litigation. By the settlement the plaintiff not only saved itself time and expense which would be involved in the trial of the suit, but avoided the possibility of a decree which might change the controlling interest in the stock standing in the name of Rottenberg and his wife to the plaintiff in that suit or to some other person upon a sale thereof by order of the court. The auditor found that from the time the corporation was organized it was a

custom of the treasurer, voluntarily and solely on his own initiative, to draw checks on one of his various personal accounts and deposit them to the credit of the corporation when needed and sometimes to exchange checks with the corporation, and that at times he paid private indebtedness with checks of the corporation; that he and his wife and his son were the only stockholders. The auditor states: "I also find that, although on February 6, 1929, no money was actually due Samuel Rottenberg by the corporation for loans, yet, between February 24, 1929, and July 1, 1929, he deposited from his own money $12,000 to the credit of the corporation, none of which sums had been repaid by July 1, 1929. I find that these transactions were carried on without objection from anyone and were in accordance with Mr. Rottenberg's custom to use the corporation as a medium or straw through which he transacted business. The transactions were not authorized by any vote of the directors or stockholders on the records of the corporation; but I do not find that, upon the evidence before me, they were carried on with any intention on Mr. Rottenberg's part to defraud the corporation, its stockholders, directors or creditors." It thus appears that Rottenberg and his wife and son were the only stockholders and the only officers except one Snyder who was a director and clerk. He used the names of his wife and son as straws and they assented to his dealing with the corporation as he did in furnishing and withdrawing money from time to time as became necessary or desirable. It is plain from the foregoing findings that he was authorized to draw the check which was delivered to the defendant. In these circumstances the plaintiff corporation is estopped to claim that the payment was *ultra vires*. See *Childs, Jeffries & Co. Inc.* v. *Bright,* 283 Mass. 283. The giving of the check in question, the settlement of the suit in equity in which the present plaintiff was a party defendant, and the execution of mutual releases by the plaintiff and Rottenberg show that the transaction was fully executed by both parties. Although the payment by the corporation was *ultra vires,* as it was agreed to and acted upon by both parties they are bound

by it.  *Preston* v. *West's Beach Corp.* 195 Mass. 482.  *Parish* v. *Wheeler,* 22 N. Y. 494, 508.  *Thomas* v. *Railroad Co.* 101 U. S. 71, 86.  Recovery upon contracts made by a corporation which are *ultra vires* and which have not been fully performed ordinarily is refused; but if, as here, the corporation receives a benefit from such a contract and it has been fully performed, and no element of legal or moral wrong appears, the corporation is estopped to rely upon *ultra vires.*  See *Nowell* v. *Equitable Trust Co.* 249 Mass. 585, 599, 600, for a collection of cases.  *American Surety Co.* v. *14 Canal Street, Inc.* 276 Mass. 119, 126.  *McLean Co.* v. *Sidebottom,* 277 Mass. 158.

It appears from the agreed statement of facts that Hall-Gregg Incorporated was a creditor of the plaintiff and brought an action against the plaintiff and from the account annexed to the declaration in that case it appears that after the payment by the plaintiff to the defendant in the present case, the plaintiff paid this creditor $1,064.01 on account of merchandise sold and delivered.  So far as appears from the record it was the only creditor of the plaintiff, except the holders of real estate mortgages.  There is nothing in the record to show that this or any other creditor was injuriously affected by the payment to the defendant in view of the subsequent payment of $12,000 to the plaintiff by its treasurer.  The cases of *Davis* v. *Old Colony Railroad,* 131 Mass. 258, *Murray* v. *C. N. Nelson Lumber Co.* 143 Mass. 250, *Commercial Brewing Co.* v. *McCormick,* 225 Mass. 504, *Boston Box Co. Inc.* v. *Shapiro,* 249 Mass. 373, and the other cases cited by the plaintiff, are distinguishable in their facts from the case at bar.

Upon the findings of the auditor it is plain for the reasons hereinbefore stated that the trial judge rightly found for the defendant.

*Exceptions overruled.*