LIMERICK MILLS *vs.* ROYAL TEXTILE CO.

Suffolk.    November 7, 1934. — November 28, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Corporation*, Ultra vires. *Contract*, Validity. *Guaranty*.

A Massachusetts corporation, incorporated to "Buy, convert, manufacture and sell cotton and other textiles and to do and transact all acts of business and things incident to or convenient in carrying on the business aforesaid, authorized by law; and in general, to produce, prepare, manufacture, sell, purchase and deal in goods, wares, merchandise, property, materials and things of every class and description which may seem to the corporation capable of being conveniently carried on or calculated directly or indirectly to enhance the value

of, or render profitable, any of the corporation's property or rights," had no power to execute and deliver a guaranty of payment of indebtedness to be contracted by another corporation, with which it had relations only as a purchaser of its goods.

CONTRACT. Writ in the Municipal Court of the City of Boston dated April 26, 1932.

On removal to the Superior Court, the action was heard by *Goldberg*, J., without a jury, who found for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*L. A. Mayberry & H. L. Barrett*, for the plaintiff.

*D. Stoneman & E. Kurland*, for the defendant.

LUMMUS, J. This is an action of contract upon a written guaranty, executed by the defendant by its president, of the payment by Dustin Pile Fabric Company of its subsequent indebtedness to the plaintiff. The defendant was incorporated in Massachusetts to "Buy, convert, manufacture and sell cotton and other textiles and to do and transact all acts of business and things incident to or convenient in carrying on the business aforesaid, authorized by law; and in general, to produce, prepare, manufacture, sell, purchase and deal in goods, wares, merchandise, property, materials and things of every class and description which may seem to the corporation capable of being conveniently carried on or calculated directly or indirectly to enhance the value of, or render profitable, any of the corporation's property or rights." The only relation between Dustin Pile Fabric Company and the defendant was that the latter was accustomed to buy goods manufactured by the former and to market them. The plaintiff obtained the guaranty after refusing to sell any more goods on credit to the Dustin Pile Fabric Company unless the defendant would give the guaranty.

The trial judge, hearing the case without a jury, was right in ruling that the guaranty was *ultra vires* of the defendant, and that the plaintiff could not recover. *Davis* v. *Old Colony Railroad*, 131 Mass. 258. *Nowell* v. *Equitable Trust Co.* 249 Mass. 585. *Commercial Casualty Ins. Co.* v. *Daniel Russell Boiler Works, Inc.* 258 Mass. 453.

*New Hampshire National Bank* v. *Garage & Factory Equipment Co.* 267 Mass. 483, 489. The case is not within *Hare & Chase, Inc.* v. *Commonwealth Discount Corp.* 260 Mass. 134, 137, *American Surety Co. of New York* v. *14 Canal Street, Inc.* 276 Mass. 119, or *Dome Realty Co.* v. *Gould,* 285 Mass. 294.

*Exceptions overruled.*