BANNER BUILDING COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105605. Promulgated April 7, 1942.

*Charles Roser, Esq.*, for the petitioner.
*Frank M. Cavanaugh, Esq.*, for the respondent.

**OPINION.**

BLACK: In support of its claim for exemption as a fraternal bene-
ficiary society, the petitioner pleads specifically the benefits of para-

graphs (3), (6), (9), and (14) of section 101 of the Revenue Act of 1936. Exemption is claimed under facts stated in the petition as follows:

(b) That the petitioner is a Fraternal beneficiary society, operating under the lodge system for the exclusive benefit of the members of Banner Council No. 39, Junior Order United American Mechanics, a fraternity itself operating under the lodge system; and the petitioner does operate indirectly through Banner Council No. 39 and does assist Banner Council in the payment of sick and death claims, and provides for other relief and assistance to its own members in addition to helping all other worthy public causes both private and governmental.

(c) That the petitioner does not operate for profit and no part of its net earnings is now, nor has it ever inured to the benefit of any member or individual. Nor has any person ever secured any profits from the petitioner and no one can receive any personal gain or profits in the future.

The paragraphs in section 101 of the Revenue Act of 1936 relied upon by petitioner are printed in the margin.[1]

Considering first the petitioner's contention that it is a fraternal beneficiary society within the meaning of paragraph (3), *supra*, it is obvious, we think, that the contention must be denied. The section is clear in limiting its benefits solely to societies "(A) operating under the lodge system or for the exclusive benefit of the members of a fraternity itself operating under the lodge system" and (B) "providing for the payment of life, sick, accident, or other benefits to the members of such society, order, or association or their dependents." It seems clear of course that Banner Council No. 39 Jr. O. U. A. M. is a fraternal beneficiary society within the meaning of the above quoted law and is exempt from Federal taxation. The respondent concedes that is true, but Banner Council is not before us for taxation. Clearly, it is not the same entity as the Banner Building Co., which is the petitioner in the instant case, and it is

---

[1] SEC. 101. EXEMPTIONS FROM TAX ON CORPORATIONS.

The following organizations shall be exempt from taxation under this title—

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(3) Fraternal beneficiary societies, orders, or associations, (A) operating under the lodge system or for the exclusive benefit of the members of a fraternity itself operating under the lodge system; and (B) providing for the payment of life, sick, accident, or other benefits to the members of such society, order, or association or their dependents;

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation;

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(9) Clubs organized and operated exclusively for pleasure, recreation, and other nonprofitable purposes, no part of the net earnings of which inures to the benefit of any private shareholder;

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(14) Corporations organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses, to an organization which itself is exempt from the tax imposed by this title;

futile, we think, under the showing which has been made to argue that the petitioner meets either of the requirements for exemption above named. First, its charter is that of a capital stock corporation operating under a board of directors, and not a fraternal organization operating under the lodge system. Stock of a par value of $10 per share was actually issued to stockholders who paid in the amounts which they subscribed for it. This stock is still outstanding, so far as the record shows, although some of it is in the hands of others than those to whom it was originally issued. The purposes for which the corporation was organized, as declared in its charter, are purely business purposes, which comprehend earning of profits. The bylaws anticipate the distribution of profits among the stockholders, and in section 21, after directing the directors to determine semi-annually how much shall be set apart for a contingent loss fund, provide that the residue of the earning *shall be divided among the shareholders*. These provisions of the charter and bylaws are determinative of the petitioner's true character as a corporation. *National Association of Certified Public Accountants* v. *United States*, 292 Fed. 668; *American Surety Co.* v. *14 Canal St.*, 276 Mass. 119; 176 N. E. 785; *Wilson* v. *Louisville Trust Co.*, 242 Ky. 432; 46 S. W. (2d) 767; *Northwestern Municipal Association Inc.* v. *United States*, 99 Fed. (2d) 460; *Sun-Herald Corporation* v. *Duggan*, 73 Fed. (2d) 298. Under authority of these decisions we decide against the petitioner on the first point urged.

Likewise, under the same authorities and under the same line of reasoning, without repeating it, petitioner is not exempt under section 101 (6) or (9). We hold against its contentions that it is exempt under these provisions.

The petitioner's claim for classification as a holding corporation under paragraph (14) likewise can not be sustained. A holding company under this paragraph is one which has been organized for the exclusive purpose of holding title to property, collecting the income therefrom and turning over the entire amount, less expenses, to an exempt association. The petitioner has not shown that it was organized for any such purpose. Again we refer to its charter and bylaws for proof of its corporate form and purpose, which in neither respect are within the paragraph. The petitioner contends, however, notwithstanding its charter provisions, that it was organized to serve the purposes of a building holding company for Banner Council, and has so operated since its organization to and including the taxable year. It contends, that actual operations rather than corporate form are the test of its right to be exempted under the law. We need not discuss the law involved in this last claim, since the record fails to show the petitioner's compliance in respect to operations. An

essential requirement of a holding company under the paragraph pleaded is that it turn over income from the property held, less expenses, to an exempt association. The petitioner has not shown that it was under any legal obligation to turn over any of its funds to Banner Council No. 39 Jr. O. U. A. M., nor has it shown that it did in fact pay over any of its said funds to Banner Council. The failure in this essential precludes its classification as an exempt corporation under this provision. *Stanford University Bookstore*, 29 B. T. A. 1280; affd., 83 Fed. (2d) 710. The petitioner is not sustained in this contention.

There remains to be considered whether or not the respondent erred in treating as part of petitioner's gross income the net receipts from bingo parties, and picnics conducted by Banner Council and members and turned over to the petitioner during the taxable year. The petitioner contends that these payments were gifts or deposits from Banner Council and its members. The respondent stated his position respecting these payments in a paragraph of the deficiency notice as follows:

Respecting the various sums turned over to you by Banner Council No. 39, and claimed by you to be contributions or deposits, it is held that all such sums and 'monies were rental income to you paid by Banner Council No. 39 for use and occupancy by it of your premises.

Whether or not the respondent correctly classed these payments as rents, we need not decide. We think that, under the evidence in this proceeding, he correctly included them as part of the petitioner's gross income and must be sustained. The petitioner contends that the payments were gifts from Banner Council and members to it. Gifts are defined as the voluntary transfer of property from one person to another, *without any consideration, or compensation therefor*. *C. B. Wilcox*, 27 B. T. A. 580; *J. T. Lupton*, 19 B. T. A. 166. To be without consideration means *without obligation to the donee*, as might be discharged or paid by the transfer. *C. B. Wilcox, supra*. In our opinion Banner Council and its members can not be said to be without obligation to the petitioner in this case. They enjoy at all times and without cost free use of its building, rooms, club, and all other rental facilities. These facilities are used in conducting the money raising affairs here discussed. The petitioner's committees and officers assist in conducting said parties and its treasurer receives the profits from all of them. The petitioner is a stock corporation operating for the purpose of earning income. It pays taxes on the property which it owns. For the taxable year in question it deducted for taxes $1,499.78. It pays for repairs to its building. It pays interest on its bonded and other indebtedness. Obviously it must collect money for the use of its facilities to meet

these and other expenses, and there appears to be no good reason why it should *not* collect from Banner Council No. 39. This it did in the form of net profits from bingo parties and picnics. The petitioner concedes that the parties are given for its exclusive benefit, the purpose being to supplement its revenues to meet deficiencies in its operating income. We think petitioner has failed to show that these payments were transfers of property made to it without motivating considerations and therefore in establishing that they constituted gifts. On this point the petitioner is not sustained.

*Decision will be entered for the respondent.*

