PILGRIM REAL ESTATE, INCORPORATED *vs.* SUPERINTENDENT
OF POLICE OF BOSTON & another.

Suffolk.    May 5, 1953. — May 28, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Corporation*, Citizenship, Right to enforce public duty.    *Mandamus.*
    *Public Duty.    Public Officer.    Words, "Citizenship."*

A corporation is not a citizen entitled to enforce by mandamus perform-
    ance of a public duty of interest to citizens generally.

PETITION, filed in the Supreme Judicial Court for the
county of Suffolk on December 9, 1952.

The case was heard by *Wilkins*, J., on demurrer.

*Richard A. Kaye*, for the petitioner.

*John V. Bonner*, for the respondents.

RONAN, J.    This is a petition for a writ of mandamus
by a domestic corporation owning residential real estate lo-
cated upon a street opposite a public park, owned by the
city and maintained under the supervision and control of
the board of park commissioners, brought against the re-
spondents, the superintendent of police of Boston and the
commissioner of police respectively, seeking the revocation
of an order given to the members of the police department
"not to institute any criminal proceedings against motor-
ists who park their vehicles in the park, the general intent
of such order or orders being not to enforce rule § 11 [of
the board of park commissioners] in so far as it applies to
the park," and to require them to enforce the rule.[1]    The
petitioner appealed from a judgment dismissing the petition
after the sustaining of the respondents' demurrer.

[1] This rule reads as follows: "No person shall ride or drive across any side-
walk, plantation or reservation or upon or over the space reserved for street
railway cars and grass, except over an entrance or crossover approved by the
Board of Park Commissioners or except by special permission from the Board."
A penalty of $20 is provided for its violation.

This petition is not brought to protect any proprietary interest in property of the petitioner, nor to enforce any special or peculiar interest different in kind and nature from that possessed by citizens in common who reside in the general vicinity or who have occasion to travel along the highways in its neighborhood. The apparent object of the petition is to secure on the part of the respondents the performance of a public duty which, if it exists, was owed by them to all the citizens. In such a proceeding, the petitioner is a nominal party, for the real party in interest is all the people. The enforcement of this rule of the park commissioners, if we assume, without deciding, that it prohibits the parking of automobiles — which is the only matter complained of — is a matter of public interest. The only petitioner is a corporation and the question arises whether it alone[1] has a standing to maintain the petition. It has been frequently decided that where the object of a petition is to procure the enforcement of the law, a petitioner "without special interest in the subject matter independent of the rights of the public has a standing by reason of his citizenship to maintain a petition for a writ of mandamus to enforce a public duty of interest to citizens generally." *Police Commissioner of Boston* v. *Boston*, 279 Mass. 577, 585. *Kelley* v. *Board of Health of Peabody*, 248 Mass. 165, 169. *Sears* v. *Treasurer & Receiver General*, 327 Mass. 310, 314–315.

A corporation, unlike a natural person, owes its existence to the sovereign, having such powers as have been expressly conferred upon it together with such powers as may be implied, or are incidental or auxiliary to the powers expressly granted, or are reasonably necessary in order to enable it to carry out the object for which it was organized. The scope of its powers and the extent of its liability are limited by the act creating it. *Teele* v. *Rockport Granite Co.* 224 Mass. 20, 24–25. *Commercial Casualty Ins. Co.* v. *Daniel Russell Boiler Works, Inc.* 258 Mass. 453, 455. *American*

---

[1] See *D. N. Kelley & Son, Inc.* v. *Selectmen of Fairhaven*, 294 Mass. 570; *Cape Cod Steamship Co.* v. *Selectmen of Provincetown*, 295 Mass. 65.

*Surety Co.* v. *14 Canal Street, Inc.* 276 Mass. 119, 125.
*Limerick Mills* v. *Royal Textile Co.* 288 Mass. 479. A corporation, in the absence of a statute or some restrictions in its charter, may maintain all such actions as may be necessary to protect its rights and to secure compensation for damage to its property, and is liable for injuries caused to another, all upon similar grounds as natural persons and to the same extent. But the present proceeding does not involve rights of this character.

The rights now attempted to be asserted are those which arise out of citizenship. It is true, apart from any statute showing an intent to include a corporation as a citizen, that corporations are considered as citizens for some purposes, principally for the purpose of determining jurisdiction of the Federal courts, *Swiss National Ins. Co. Ltd.* v. *Miller*, 267 U. S. 42, 46, *Puerto Rico* v. *Russell & Co.* 288 U. S. 476, 479–480; but it is settled that a corporation is not a citizen within the meaning of the Constitution of the United States, art. 4, § 2, which provides that citizens of each State shall be entitled to all the privileges and immunities of citizens of the several States, *Attorney General* v. *Electric Storage Battery Co.* 188 Mass. 239, *Arizona Commercial Mining Co.* v. *Iron Cap Copper Co.* 236 Mass. 185, *Waters-Pierce Oil Co.* v. *Texas*, 177 U. S. 28, 45, *Hemphill* v. *Orloff*, 277 U. S. 537, nor within § 1 of the Fourteenth Amendment which prohibits a State from enforcing any law which shall abridge the privileges or immunities of citizens of the United States. *Bowe* v. *Secretary of the Commonwealth*, 320 Mass. 230, 251. *Western Turf Association* v. *Greenberg*, 204 U. S. 359, 363. *Asbury Hospital* v. *Cass County*, 326 U. S. 207.

It was said in *United States* v. *Cruikshank*, 92 U. S. 542, 549, that "Citizens are the members of the political community to which they belong. They are the people who compose the community, and who, in their associated capacity, have established or submitted themselves to the dominion of a government for the promotion of their general welfare and the protection of their individual as well as their collective rights." The concept of citizenship "car-

ries the idea of connection or identification with the state, and a participation in its functions. . . . In the Constitution and laws of the United States the term is generally, if not always, used in a political sense to designate one who has the rights and privileges of a citizen of a state or of the United States." *Harding* v. *Standard Oil Co.* 182 Fed. 421, 424. It was stated in *Luria* v. *United States*, 231 U. S. 9, 22, "Citizenship is membership in a political society and implies a duty of allegiance on the part of the member and a duty of protection on the part of the society." A citizen has the right to participate in the administration of the local, State and national government. He has a voice in the form of government, the formulation of its policies, the selection of its officers, and the due and efficient functioning of the various governmental branches including the proper and faithful execution of the laws. Of course, his individual influence in such political matters is much greater in his local community than in a larger unit of government. Rights of this character can only be possessed and exercised by natural persons. There is no place in this field for corporate activity. "A corporation is not vested with all of the interests or rights in the administration of government inherent in the citizenship of a natural person." *J. D. L. Corp.* v. *Bruckman*, 171 Misc. (N. Y.) 3, 6. It was stated in *United States* v. *Wilson*, 33 App. D. C. 472, 479, "The relator, as a corporate entity, has no interest in the enforcement of duties owing by the Secretary to the public." We agree with Goodrich, J., in *Gavin* v. *Hudson & Manhattan Railroad*, 185 Fed. (2d) 104, 105, that "To call it [a corporation] a citizen of any state is unreal. People are citizens, not corporations, and the rights and duties that go with the concept of citizenship as applied to a human being are not applicable to corporations."

The order sustaining the demurrer was right and the judgment dismissing the petition is affirmed.

*So ordered.*