BENJAMIN WALLACH *vs.* THE HADLEY COMPANY.

Hampden.    September 23, 1954. — November 3, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Contract*, Of employment.   *Corporation*, Ultra vires.

A contract made in behalf of a corporation by its authorized treasurer, who was supervisor of various furniture stores, whereby the corporation employed a "trouble shooter" to work at all the stores for a stipulated amount a week, was not ultra vires the corporation even if the stores were separate corporations, and in an action against the employing corporation the employee was entitled to recover for each week he worked the difference between the stipulated weekly amount and a portion thereof which he had been paid on the payroll of the store in which he had worked that week.

CONTRACT.   Writ in the Superior Court dated August 13, 1948.

The action was tried before *O'Brien*, J.

In this court the case was submitted on briefs.

*Harry M. Ehrlich & J. Leo Dowd*, for the defendant.

*Justin Cohen & Irving Fein*, for the plaintiff.

WILKINS, J.   In this action by a furniture store salesman on a contract of employment, there was a verdict for the plaintiff, and the defendant alleges two exceptions relating to the charge.

The first exception is to the judge's refusal to give the following instruction: "Under the evidence adduced, if the jury believes that an arrangement was entered into for the payment of two hundred ($200) dollars per week as alleged, the plaintiff can only recover the sum of twenty-five ($25.00) dollars per week for seventeen weeks only from this defendant."   The contract was oral, arising out of talks between the plaintiff and one Aronheim, treasurer of the defendant, and superintendent of all the Hadley New England stores, which are in Springfield, Worcester, and Waterbury, Connecticut.

The plaintiff testified that in August, 1947, after he had been for five years a salesman in the Springfield store, Aronheim on behalf of The Hadley Company of Springfield employed him as a "trouble shooter." He was to work out of "the main store" in Springfield and to report to Aronheim and to "the main store." The plaintiff was to receive $200 a week, of which about $153, based upon his earnings on the floor, was to be paid each week and the balance as a bonus after the close of the fiscal year ending in February. He drew his first weekly check in Worcester on August 16, 1947. After three weeks he returned to Springfield and was sent to Waterbury, where he worked from September 13 to December 13. During his last week in Waterbury he talked there with Aronheim and quit the job, remaining out of work for two weeks. Then Aronheim by telephone asked him to take charge of the defendant's Outlet store in Springfield. The plaintiff inquired if he could have his full $200 a week without waiting till March or April. Aronheim replied that he would pay $175 each week and make up the difference later. The plaintiff worked at the Outlet store from January 1, 1948, till April 24, 1948, receiving $175 for seventeen weeks. The arrangement at the other stores was that he would be paid $153.75 a week on each store's payroll and would receive the balance in March or April. This was done so that the store manager would not know what the plaintiff was to be paid.

The declaration alleges that the plaintiff worked for thirty-four weeks, and that the balance due to make up the $200 a week is $1,409.55. The verdict of $1,501.17 the defendant claims was excessive in that in no event could the plaintiff recover from this defendant more than $425, which would be at the rate of $25 a week for the seventeen weeks he worked in Springfield. In the pre-trial order it was agreed that the defendant is a corporation, and that Aronheim was authorized to act for it. The defendant relies upon testimony of its witness, Aronheim, by which, however, the plaintiff is not bound, to the effect that the stores are separate corporations, operated separately, with

independent finances.  But even if they were distinct corporations, nothing appears which would prevent the defendant's treasurer from employing the plaintiff to work at all the stores upon the terms set forth in the plaintiff's testimony.  Aronheim testified that he supervised all the stores, and could direct a store manager not to hire a particular salesman.  There would be nothing ultra vires the defendant, and cases such as *Commercial Casualty Ins. Co.* v. *Daniel Russell Boiler Works, Inc.* 258 Mass. 453, 455; and *Bennett* v. *Corporation Finance Co. Inc.* 258 Mass. 306, 313, are not in point.

The second exception, which alleges an error during the charge in stating the plaintiff's contention, does not seem to be argued and does not merit discussion in any event.

*Exceptions overruled.*