BOSTON BOX COMPANY, INC. *vs.* JOSEPH SHAPIRO & others.

Suffolk.    March 10, 1924. — May 28, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Auditor: recommittal of report, striking out irrelevant findings from report; Variance. *Evidence,* Competency, Res inter alios. *Corporation,* Ultra vires acts. *Bills and Notes,* Validity, Accommodation paper. *Damages,* For breach of contract: loss of profits.

The second count in the declaration in an action of contract by a corporation against a partnership of two persons was for breach of an express oral contract to purchase " two million paper boxes." The action was referred to an auditor, who found that that contract never was made. The auditor further found that there was an oral contract between the parties but that its provisions were that the defendants should purchase of the plaintiff the product of one hundred tons of paper stock which would be approximately two million boxes, that the total amount of stock purchased by the plaintiff during the period alleged to be covered by the contract was sufficient to " manufacture a little in excess of two million boxes," and that, for breach of this contract, the defendants were liable in damages. Neither party, either at the hearing by the auditor or at the subsequent trial, contended that the contract found by the auditor was made, but both parties expressly disclaimed it. The defendants moved that the report be recommitted to the auditor for review of the finding as to the contract which was made between the parties, which motion was denied subject to their exception. *Held,* that on the record the denial of the motion was a matter of discretion and not of law, and that the exception must be overruled.

In the circumstances above described, the defendants also moved to strike out so much of the report as related to the contract which the auditor found was made between the parties. The motion was denied subject to the defendants' exception. *Held,* that, in the absence of an amendment to the declaration, the exception must be sustained, since the portion of the report objected to was inadmissible on the pleadings.

In the circumstances above described, the trial judge should have given requests by the defendants for rulings in substance that the plaintiff under the pleadings could not recover on the contract found by the auditor and exceptions to the refusal of such rulings must be sustained.

Although, in the action above described, there was evidence tending to show that the plaintiff had purchased paper stock for the purpose of fulfilling the contract, a request by the defendants for a ruling in substance that, unless the plaintiff proved by a fair preponderance of the evidence that the defendants agreed to purchase two million boxes of the sizes and at the prices specified within one year, the plaintiff could

not recover under the second count of the declaration, should have been given.

If it should be found at the trial of the action above described that the defendant wrongfully refused to accept and pay for boxes which at the time of the breach of the contract set out in the second count of the declaration remained to be manufactured and to be delivered, the question, whether certain prospective profits in the circumstances were lost to the plaintiff by reason of the breach by the defendants, would be one of fact and, if the loss were found to have resulted from the breach, such profits should be included in the damages.

At the trial of the action above described, it was improper to admit in evidence, for the purpose of contradicting testimony by the defendants, a bill in equity by a minority stockholder of the plaintiff in which one of the defendants was not named and it did not appear that the other had entered an appearance or been served with process.

At a meeting of all the officers and stockholders of a corporation, the issuance of a note of the corporation to pay an indebtedness of the corporation's bookkeeper to a third party evidenced by the bookkeeper's note was authorized, it being understood that the corporation would take an assignment of the outstanding note of the bookkeeper and deduct payments of its note in small instalments from the bookkeeper's salary. The note was issued but the third party did not assign nor surrender the bookkeeper's note to the corporation nor cancel it. The third party indorsed the corporation's note to a partnership of which he was a member, which brought an action thereon against the corporation. *Held,* that

(1) The corporation had no power to issue the note to the third party;

(2) The partnership took the note with the knowledge of one of the partners that it was given by the corporation as accommodation paper;

(3) The partnership could not recover on the note.

CONTRACT with a declaration as amended in two counts, described in the opinion, and with a declaration in set-off in six counts, only one count of which, upon a note for $500, described in the opinion, is material. Writ dated July 3, 1919.

In the Superior Court, the action was referred to an auditor and thereafter was tried before *Macleod*, J., upon the auditor's report and other evidence. Material findings by the auditor and evidence are described in the opinion. The defendant asked for and the judge refused to make the following rulings:

" 1. Unless the plaintiff proves by a fair preponderance of the evidence that the defendants agreed to purchase two million boxes of the sizes specified at the prices speci-

fied within one year, it cannot recover on count 2 of the declaration.

"2. The plaintiff cannot recover upon the contract found by the auditor, to wit: a contract to purchase the product of one hundred and ten tons of paper board at a reasonable and fair market price because the same is indefinite and vague for the reason that the contract as found by the auditor specified no sizes of boxes to be manufactured.

"3. The plaintiff cannot recover upon the contract found by the auditor upon the pleadings in the case at bar.

"4. The contract found by the auditor will not support a finding for the plaintiff upon count 2 of the plaintiff's declaration.

"5. If under the instructions of the court the jury find that there was a contract between the plaintiff and the defendants to purchase in the form of boxes the product of one hundred and ten tons of paper board, even then the jury must find for the defendants on this branch of the case if it is satisfied that the defendants bought of the plaintiff all the boxes that could be manufactured out of said stock."

"9. If said boxes were not manufactured in pursuance of any express order but merely in anticipation of future business the plaintiff is not entitled to recover unless the jury finds that there was an express contract as set out in count 2 of the plaintiff's declaration.

"10. If the jury finds that all the stockholders and directors of the plaintiff corporation assented to the execution and delivery of the note to the defendant Joseph Shapiro, the defendants are entitled to recover on said note even if there was no consideration therefor.

"11. If the plaintiff executed and delivered said note for a consideration then the defendants are entitled to recover thereon.

"12. If the plaintiff executed and delivered said note at the request of Friedland, taking his note for the amount thereof with an agreement that the same should be paid out of his future earnings, there was a good consideration for the note and the defendants are entitled to recover thereon."

The jury found for the plaintiff in the sum of $5,472.28

and for the defendants, plaintiffs in set-off, upon the declaration in set-off, in the sum of $332.50.    The defendants alleged exceptions.

*J. C. Johnston,* (*E. S. Farmer* with him,) for the defendants.

*M. Palais,* (*R. M. Banash* with him,) for the plaintiff.

BRALEY, J.    The plaintiff's amended declaration contains a first count for a balance of $1,301.96 and interest, alleged to be due according to an account annexed for paper boxes sold and delivered to the defendants, who are copartners manufacturing ice cream cones under the firm name of Southwest Cone Company; and a second count to recover damages for breach of an alleged oral contract of the defendants to purchase " two million paper boxes."    The entire report of the auditor to whom the case had been referred was introduced, and his findings for the plaintiff on the account annexed were admissible.    While the reasonableness of the price charged was disputed, it was also agreed that the items in this count, with certain exceptions which need not be enumerated, were actually delivered and received by the defendants.    It was for the jury to determine the amount which the plaintiff was entitled to recover under this count.

But as to the second count, the auditor expressly found, that the contract therein declared on, that the defendants agreed to purchase two million boxes, was never made.    It would follow on this finding, that the plaintiff had failed before him to make out a case under the second count.    The auditor however went further, and found, that there was an oral contract between the parties, that the defendants should purchase of the plaintiff the product of one hundred tons of paper stock which would be approximately two million boxes, and that the total amount of stock purchased by the plaintiff during the period alleged to be covered by the contract was sufficient " to manufacture a little in excess of two million boxes," and that, for breach of this contract, the defendants were liable in damages.    It was agreed, however, at the trial before the jury, that not more than five or six hundred thousand boxes possibly could be made from one hundred tons of paper stock, and neither party, either at the hearing before the auditor or at the trial, con-

tended " that any such contract was made but both parties expressly disclaimed it." The defendants thereupon moved to recommit the report for review as to that part relating to the contract as found by him. The motion was denied, and the defendants excepted. This exception must be overruled. It was on the record matter of discretion, and not matter of law, whether the motion should be allowed. *Tobin* v. *Kells*, 207 Mass. 304, 309, 310, and cases cited.

The defendants also moved to strike out so much of the report as related to the contract found by the auditor, and excepted to the denial of the motion. This exception must be sustained. The report as to the second count did not conform to the pleadings. The declaration had not been further amended, and this portion of the report was inadmissible, and should have been excluded, with appropriate instructions to the jury not to consider it in evidence. *Snowling* v. *Plummer Granite Co.* 108 Mass. 100. *Fisher* v. *Doe*, 204 Mass. 34, 38, G. L. c. 221, § 56.

It follows in this connection, that the presiding judge should have given the defendant's third and fourth requests, that the plaintiff under the pleadings could not recover on the contract found by the auditor, and the exceptions to his refusal so to rule must be sustained.

It is unnecessary to review the defendant's exceptions to so much of the auditor's report as dealt with damages. If the contract he found was excluded, damages based thereon could not be assessed.

The case accordingly stood for trial on the second, as well as on the first count of the amended declaration. The question, whether the contract declared on had been entered into, was for the jury on conflicting evidence. *Gerrish Dredging Co.* v. *Bethlehem Shipbuilding Corp.* 247 Mass. 162. The plaintiff company was organized on or about August 2, 1918, and the defendant Joseph Shapiro, one of the three original incorporators, was with the other defendants as co-partners doing business as the Southwest Cone Company, which in the manufacture and vending of ice cream cones required paper boxes for the shipment of the cones. It was decided by the incorporators, consisting of Shapiro,

Friedland and Farr, to organize the corporation, and with the knowledge and consent of Shapiro and the other defendants, Friedland entered into a contract with a wholesale paper company for the purchase of raw stock from which to manufacture the boxes. It could be found on the evidence introduced by the plaintiff, that when the order for the stock was placed, Joseph Shapiro told the agent of the wholesale paper company which was to furnish the stock, that his firm intended to use a large number of the boxes which the proposed corporation was to manufacture. And that the defendants made substantial advancements to the plaintiff for the purchase of machinery, " and secured further sums " for them " by the indorsement of the company's notes." The delivery of boxes began about November 21, 1918, and continued until about June 1, 1919, the number delivered amounting to seven hundred and sixty-two thousand, nine hundred and five.

It is not contended, that the alleged contract, having been made before the organization of the corporation had been completed as required by our laws, is unenforceable. The plaintiff, although subsequently fully organized, was at the time a corporation *de facto*.

And on the testimony of its witness Friedland in connection with the evidence just described, the jury, notwithstanding the positive denial of the defendants and the evidence of the incapacity of the defendants' factory to use more than five or six hundred thousand boxes during the period, could find, that in August, 1918, Samuel Shapiro agreed orally with Friedland, representing the corporation, " to purchase . . . two million paper boxes to be delivered within one year, as follows, 1,000,000 No. 5 extra; 600,000 No. 8, and 400,000 of two sizes, 2½ and 5."

The plaintiff claimed that it purchased the stock for the purpose of fulfilling the contract. It was admitted, that about June, 1919, the defendants notified the plaintiff that they would accept no more boxes, and that the total amount of raw stock purchased during the year was approximately four hundred and nine tons, each ton being sufficient for the manufacture of five or six thousand boxes. But, even if

some of the stock bought by the plaintiff for the purpose of fulfilling the contract still remained, the defendants' first request, that, unless the plaintiff proved by a fair preponderance of the evidence that the defendants agreed to purchase two million boxes of the sizes specified at the prices specified within one year, it cannot recover under count two of the declaration, should have been given.    Its refusal was error.

It is also contended, that, if the alleged contract had been proved, the plaintiff could not recover for loss of profits, and that the instruction, to which the defendants excepted, that such loss could be recovered, was wrong.    If the defendants were found to have wrongfully refused to accept and pay for the boxes which remained to be manufactured under the contract, and delivered at the date of the breach, the measure of damages was the estimated loss, directly and usually resulting in the ordinary course of events.    The question was for the jury, and the loss of prospective profits under the circumstances shown by the record could be properly allowed.    *Gagnon* v. *Sperry & Hutchinson Co.* 206 Mass. 547, 555.    *Nelson Theatre Co.* v. *Nelson*, 216 Mass. 30, 35.    G. L. c. 106, § 56.    See *Tufts* v. *Bennett*, 163 Mass. 398.    This exception is overruled.

The fifth and ninth requests not having been pertinent to the questions at issue under the second count, were denied rightly.

The bill in equity, brought by a minority stockholder of the plaintiff in which Joseph Shapiro was one of the defendants, should not have been admitted for the purpose of contradicting Joseph Shapiro and Samuel Shapiro, who had testified that, until the present action, they had never heard there was a contract between the parties for the purchase of two million boxes.    Samuel Shapiro is not named in the bill, and it does not appear that Joseph Shapiro was ever served with process or entered an appearance in the suit.    See *Melvin* v. *Whiting*, 13 Pick. 184; *Elliott* v. *Hayden*, 104 Mass. 180; *Boyle* v. *Chase*, 117 Mass. 273; *Johnson* v. *Russell*, 144 Mass. 409; *Radclyffe* v. *Barton*, 161 Mass. 327.

The defendants filed a declaration in set-off consisting of several items, on which the jury returned a verdict of

$332.50, the amount found by the auditor; but the verdict does not include the sixth item, as the judge, subject to the defendants' exception, ruled that they could not recover. The circumstances under which the promissory note declared on in the sixth item was given to one of the defendants Joseph Shapiro by the plaintiff, and by him indorsed without consideration to the partnership, do not appear to have been in dispute. Shapiro, who held the promissory note of Friedland, the plaintiff's bookkeeper, for $500, had demanded payment. But Friedland, being unable to pay, suggested at a meeting where all the officers and stockholders of the plaintiff corporation and Shapiro were present, that the plaintiff issue its note to Shapiro for $500, taking an assignment from Shapiro of the note held by him and collecting the amount of the note so issued in small instalments from Friedland's salary, who was to continue and did continue in the plaintiff's employment. The officers and stockholders having assented, the note in suit was issued to Shapiro, and " there was no vote of the corporation authorizing or ratifying its issue." If Shapiro had assigned the Friedland note to the plaintiff and taken in exchange the note of the plaintiff, he would have been a holder in due course, and the defendants by the indorsement would have succeeded to his title. *Merchants National Bank* v. *Marden, Orth & Hastings Co.* 234 Mass. 161, 168. But there is no statement in the record, that Shapiro ever assigned or indorsed the Friedland note to the plaintiff, or surrendered or cancelled the note of Friedland. It is plain, that the new note was made for the sole accommodation of Friedland, and that neither Shapiro nor the defendants took the note for value. The plaintiff is a business corporation, and the defendant partnership, of which Shapiro was a member, were chargeable with his knowledge, that the note was given by the corporation as accommodation paper. It is settled, even if all the officers, directors and stockholders assented to the issuance of the note, that such a note is *ultra vires*, and cannot be enforced by the defendants who took with notice that the note was without consideration. *J. G. Brill Co.* v. *Norton & Taunton Street Railway*, 189 Mass. 431. *Johnson* v. *Johnson Brothers,*

108 Maine, 272; Ann. Cas. 1913 A, 1303, 1313, and cases collected in note. G. L. c. 107, §§ 52, 75. The defendants' tenth, eleventh and twelfth requests, relating to the alleged right of the defendants to recover on the note, could not have been given, and the instructions to the jury were right.

The result is, that the verdict in set-off is to stand, but the verdict for the plaintiff must be set aside and a new trial granted.

*So ordered.*