## MORSE v. NOYES et al.

### No. 5764.

District Court, D. Massachusetts.

Dec. 5, 1935.

————♦————

J. C. Johnston, of Boston, Mass., for plaintiff.

Hale & Dorr, of Boston, Mass., for defendants.

SWEENEY, District Judge.

This is an action to recover the purchase price, with interest, of 100 shares of Rolls-Royce preferred stock, purchased by the plaintiff from the defendants in two blocks of fifty each. The plaintiff contends that the defendants sold the stock to him in violation of the provisions of the Massachusetts Sale of Securities Act (G.L. [Ter.Ed.] c. 110A), and that the said sale was voidable at his option. The defendants deny that they violated the Massachusetts Sale of Securities Act, and further contend that the sale was a valid one, and was not voidable by the plaintiff.

The court adopts as its findings of fact paragraphs (1), (2), (3), (4), (5), and (8) of the Agreed Statements of Facts filed herein, which are as follows:

"(1) On July 12, 1927, the plaintiff purchased from the defendants 50 shares of the preferred stock of Rolls-Royce of America, Inc., for $4,350.; and on March 21, 1928, the plaintiff purchased 50 shares of the same stock from the defendants for $2,100.

"(2) The aforesaid stock was a security sold in the Commonwealth of Massachusetts prior to June 1, 1921.

"(3) On April 2, 1928, the duly authorized officers of Rolls-Royce of America, Inc., filed with the Department of Public Utilities of Massachusetts a Statement, submitted with this stipulation marked Exhibit A—Morse v. Noyes et al., Law #3764. On April 5, 1926, a notice of intention to offer for sale Rolls-Royce of America, Inc. bonds, a copy of which is attached, was filed with said Department.

"(4) On September 23, 1933, the plaintiff tendered to the defendants the 100 shares of stock referred to in the first paragraph of this Agreed Statement and the sum of $239., which tender the defendants

refused. The plaintiff's tender was a proper one in form.

"(5) Before July 12, 1927, and at all material times, the defendants were registered as brokers in accordance with the provisions of section 8 of chapter 110A of the General Laws [Ter.Ed.] of Massachusetts, as amended, and there was on file with the Commission a writing in a form approved by the Attorney General appointing the Secretary of the Commission, or his successors in office, to be their true and lawful attorney upon whom all lawful processes in any action or proceeding against the defendants relative to or connected with acts done by the defendants may be served and in such writing the defendants agreed that any lawful processes against them which were served on said attorney shall be of the same legal force and authority as if in fact served on the defendants, and that the authority shall continue in force so long as any liability remained outstanding against the defendants in this Commonwealth. * * *

"(8) The preferred stock of Rolls-Royce of America, Inc. was never listed on any stock exchange in Massachusetts, and was not a security exempted under section 3 of chap. 110A of the General Laws [Ter. Ed.] of Massachusetts."

So much of section 4 of the Massachusetts Sale of Securities Act as is pertinent hereto provides that:

"No security * * * that has been sold in this commonwealth prior to June first, nineteen hundred and twenty-one, shall be sold after six months following the effective date of this chapter * * * unless and until there shall have been filed with the commission * * * a statement * * * containing the following information and data relative to the security to be offered and the person, corporation, association or trust issuing such security, to wit: * * *

"(b) The state or other sovereign power, under the laws of which the corporation, association or trust was organized, and a reference to such laws."

■■ Prior to the sales of preferred stock of which the plaintiff complains, Rolls-Royce of America, Inc., had filed with the Department of Public Utilities a statement substantially complying with the provisions of section 4 of the Sale of Securities Act unless under (b) of the said section it could be held that the statement was insufficient because it failed to contain a "reference" to the laws under which it was incorporated. Subsection (b) provides that the statement filed must contain a statement of the laws under which the corporation was organized, and a reference to such laws. The statement furnished by Rolls-Royce of America, Inc., was executed on what was apparently a form furnished by the Department of Public Utilities, and is numbered form 3682. The company stated that it was organized under the laws of "State of Delaware on the eighth day of October 1919," but failed to give a citation of the exact statute under which it was incorporated. Without passing on the question of what was meant by "a reference to such laws" as contained in the Massachusetts Sale of Securities Act, this court is of the opinion that a substantial compliance with the provisions of the act was made.

The plaintiff contends that the failure on the part of Rolls-Royce of America, Inc., to make a reference to the laws of its incorporation, in addition to stating that it was organized under the laws of the state of Delaware, renders the filing of this certificate a nullity insofar as his purchase of stock is concerned, and that the entire sale was voidable at his instance. In Kneeland v. Emerton, 280 Mass. 371, 183 N.E. 155, 87 A.L.R. 1, it was held that sales of unqualified securities are void.

The case under consideration differs from the facts in Kneeland v. Emerton, supra, in that in the latter case no statement whatsoever was filed by the person offering the security for sale, or by the duly authorized officers of the corporation issuing the security.

The statute was enacted for the protection of individuals dealing in securities, and so that they might be protected from the unrestrained and unregulated sales of fraudulent securities. It was intended to accomplish a regulation of the sale of securities offered to the public.

■ The statute made it a condition precedent to the offering of securities for sale in Massachusetts that a statement be filed showing certain things with relation to the securities to be offered and to the corporation issuing them. While an exact citation of the particular statute of the state of Delaware under which the corporation was organized would have more strictly complied with section 4 (b) of the act, this court is of the opinion that the failure to cite the statute of its origin does not ren-

der the entire filing a nullity. Having substantially complied with the statute, and no question having been raised by the Securities Division under section 6 of the act as to the adequacy of the information furnished, the stock became qualified for sale in Massachusetts.

In Doherty v. McAuliffe (C.C.A.) 74 F. (2d) 800, in an opinion rendered by Morton, J., it was held that sales of stock qualified under this act, but sold in violation of section 8 of the act as to mode of sale might be voidable while the contract was executory, but that there could not be a rescission after the contract had been fully performed by both parties. Holding as I do that there was a substantial compliance with section 4 of this Act, and that the stock was qualified for sale, it follows that under the authority of Doherty v. McAuliffe, supra, no recovery can be had by the plaintiff.

The defendants' motion for judgment is granted.

The plaintiff's requests for rulings inconsistent with this opinion are denied.