J. P. O'CONNELL COMPANY *vs.* MARYLAND CASUALTY COMPANY.

Suffolk.    November 9, 1938. — January 31, 1939.

Present: FIELD, C.J., LUMMUS, COX, & RONAN, JJ.

*Contract*, Construction, Performance and breach.

In an action by one who had furnished material to a contractor with a city for breach of an oral agreement between the surety upon a bond furnished by the contractor and the plaintiff to settle the plaintiff's claim for a sum less than its full amount, evidence that the plaintiff received from the surety part of the amount agreed upon in cash and the rest in the form of an order on the city and at the same time gave the surety a release, and that the city refused to honor the order because the contractor had made an assignment, warranted a finding that the agreement was not performed by delivery of cash and the order but that the balance represented by the order still was due to the plaintiff.

CONTRACT. Writ in the Municipal Court of the City of Boston dated October 29, 1937.

On removal to the Superior Court, the action was heard by *Burns*, J., who found for the plaintiff in the sum of $608.53. The defendant alleged exceptions.

*H. B. White*, for the defendant, submitted a brief.

*J. B. Dolan*, for the plaintiff.

RONAN, J. The defendant was the surety upon a bond given by C. M. Callahan, Inc., to the city of Boston, guaranteeing the faithful performance of its contract with the city and payment to those furnishing to the said contractor materials and supplies used and employed by it in the execution of the contract. There was evidence of the following facts: The plaintiff had furnished such material to the contractor to the value of $1,015, and the defendant had agreed with the plaintiff's attorney to settle this indebtedness by the payment of $913.65. Later the defendant communicated directly with the plaintiff, paid the plaintiff $425.86 and gave it an order on the city of Boston for $487.79, payable to the order of the plaintiff upon the discharge of its claim, and received a release from the plaintiff discharging the defendant as surety upon the aforesaid bond. The plaintiff discharged its claim (see G. L. [Ter. Ed.] c. 149, § 29) and presented the order for payment to the proper municipal officer, but, as the funds had already been assigned by the contractor, the city refused to honor the order and the plaintiff has never been paid, although it demanded payment from the defendant.

This is an action of contract to recover the balance alleged to be due in accordance with the terms of settlement. The defendant's answer was a general denial, an allegation of payment, accord and satisfaction, and an averment that the order was not paid on account of the plaintiff's neglect. In the Superior Court the plaintiff had a finding for the full amount of such balance. The defendant excepted to this finding and to the refusal of the judge to grant its requests for rulings.

The plaintiff contends that the defendant agreed to pay the sum of $913.65 in full settlement of the indebtedness of the contractor, while the defendant contends that all it agreed to do was to pay $425.86 in cash and to deliver the order upon the city for the balance of $487.79.

The parties had entered into an oral contract, the nature and terms of which were questions of fact (*Gerrish Dredging Co.* v. *Bethlehem Shipbuilding Corp. Ltd.* 247 Mass. 162, *Boston Box Co. Inc.* v. *Shapiro*, 249 Mass. 373) to be ascer-

tained from the evidence of the plaintiff's attorney and the defendant's supervisor, who, it could be found, were the only witnesses present at the time the agreement was made. Their credibility was for the presiding judge, whose general finding for the plaintiff imports a finding of all the facts necessary to warrant that determination, *Nicoli* v. *Berglund,* 296 Mass. 426, 428, which is conclusive if supported by any reasonable view of the evidence. *Commissioner of Banks* v. *Chase Securities Corp.* 298 Mass. 285, 290. There was ample evidence to sustain the finding for the plaintiff.

It was a question of fact whether the plaintiff accepted the order and not its performance by the city in settlement of its claim, *Tuttle* v. *Metz Co.* 229 Mass. 272, *White Sewing Machine Co.* v. *Morrison,* 232 Mass. 387, or whether the parties intended that payment by the city was to be made in order to settle the plaintiff's claim. *Banionis* v. *Lake,* 289 Mass. 146. *Sherman* v. *Sidman,* 300 Mass. 102, 105. *Zlotnick* v. *McNamara,* 301 Mass. 224. The judge was warranted in finding that the adjustment of the plaintiff's claim was not to be effected unless the plaintiff was paid the full amount agreed upon, and that payment and accord and satisfaction had not been proved by the defendant.

The plaintiff's release and the order upon the city were dated the same day; they could be found to be parts of the same transaction and supported by the same consideration. *Brown* v. *Grow,* 249 Mass. 495. The full amount of the settlement was stated in the release, and the evidence warranted findings that there was included therein the money which was to be paid by the city upon presentation of the order and that such payment was a part of the consideration for the release. *Brennan* v. *Employers Liability Assurance Corp. Ltd.* 213 Mass. 365. *Dixon* v. *Lamson,* 242 Mass. 129.

There is no evidence that the refusal of the city to pay the order was due to any negligence of the plaintiff. We have examined the various requests for rulings and find no error in the refusal to grant any of them.

*Exceptions overruled.*