Mary A. Kerrigan *vs.* Giuseppe Fortunato & others.

Suffolk.    November 10, 1939. — December 29, 1939.

Present: Field, C.J., Donahue, Lummus, Dolan, & Ronan, JJ.

*Fraudulent Conveyance.*

Evidence merely that a judgment debtor about two months after issuance of execution against him conveyed all his interest in two parcels of real estate through a third person to his wife by deeds in each of which the consideration was stated as "less than $100" did not warrant a finding that the conveyances were made with actual intent to hinder, delay and defraud the judgment creditor nor a decree ordering a reconveyance to the judgment debtor.

Bill in equity, filed in the Superior Court on November 5, 1937.

After a hearing by *Brogna*, J., a final decree was entered from which the defendants appealed.

*M. Singer*, for the defendants.

*G. Locus*, for the plaintiff.

Dolan, J. This is a suit in equity. It is alleged in the bill that the plaintiff is a judgment creditor of the defend-

ant Giuseppe Fortunato in an action at law in which execution issued on January 19, 1937, for damages and costs aggregating $1,011.35; that the defendant Giuseppe was the owner of certain real estate numbered "259 and 257" Havre Street, East Boston; that shortly after the recovery of judgment by the plaintiff against the defendant Giuseppe, the latter conveyed both parcels to the defendant Joseph Fargone without consideration, who, on the same day, conveyed the premises to the defendant Maria Fortunato, the wife of Giuseppe, in her own right; that the title now stands in her name; that she paid no consideration therefor; and that the conveyances were made solely for the purpose of depriving the plaintiff of access to the assets of Giuseppe, and were fraudulent and consummated for the "sole purpose of placing said assets of the judgment debtor beyond the reach of the judgment creditor." The pertinent prayers of the bill are that the conveyances to Fargone and Maria Fortunato be declared null and void and that the latter be ordered to convey the parcels involved to the defendant Giuseppe Fortunato. The defendants Giuseppe, Maria and Fargone answered denying the allegations of the bill with the exception of the one reciting that the defendant Giuseppe "was" the owner of the real estate involved.

The evidence was taken by a stenographer. The plaintiff was called as a witness by her counsel, and the only testimony given by her was that, sometime in 1936, she brought an action against "one Fortunato" for personal injuries and "received judgment in the East Boston court." She was not cross-examined. Her counsel then put in evidence a certified copy of the docket entries of the East Boston District Court relating to the action before referred to, and certified copies of four deeds of conveyance of property numbered 259 and 261 Havre Street, East Boston. The plaintiff then rested. The defendants also rested, but thereafter, in answer to a question put by the judge, the defendants' counsel stated that the "accident" [*sic*] was still unsatisfied "as far as . . . [he knew]." The copy of the docket entries and the copies of the deeds before referred to were marked as exhibits and are before us. The docket

entries of the court in which the plaintiff obtained judgment disclose that the writ was entered on March 28, 1936, that judgment was obtained against the defendant Giuseppe Fortunato on December 24, 1936, and that execution was issued on January 19, 1937.

The certified copies of the deeds of conveyance of the premises numbered 259 Havre Street show that a deed dated March 15, 1937, in which the defendant Giuseppe conveyed those premises to Joseph Fargone, subject to certain mortgages, was recorded in the Suffolk registry of deeds on March 17, 1937; the defendant Maria released her "rights of dower and homestead and other interests therein." On the same day, immediately following this conveyance, a deed of Fargone to the defendant Maria, dated March 15, 1937, was recorded in the registry of deeds. So far as appears, when the defendant Giuseppe conveyed this parcel to Fargone the title stood in the name of Giuseppe. In each of these deeds the consideration is recited to be less than $100.

The deeds of the premises numbered 261 Havre Street were under the same date, and recorded the same day, as were the deeds conveying the premises numbered 259 Havre Street. The first deed of the premises numbered 261 Havre Street is that of the defendants Giuseppe and Maria "husband and wife as tenants by the entirety" to Fargone. The second deed is that of the premises by Fargone to the defendant Maria. In each deed the consideration is recited to be "less than $100." The transactions as to both parcels of real estate were simultaneous.

The judge made findings, rulings and an order for decree, in which he found that the defendant Giuseppe owed the plaintiff $1,146.69, and that the conveyances of the premises numbered 259 and 261 Havre Street, made by the defendant Giuseppe to the defendant Fargone, and by the latter to the defendant Maria Fortunato, were made with actual intent to hinder, delay and defraud the plaintiff who was a judgment creditor of the defendant Giuseppe. He ordered that a decree be entered establishing the debt of $1,146.69 owed by the defendant Giuseppe and that the defendant

Maria "reconvey the . . . properties" to the defendant Giuseppe. A final decree was entered accordingly from which the defendants appealed.

We are of opinion that the finding of the judge that the conveyances in question were made by the defendant Giuseppe and Fargone with actual intent to hinder, delay and defraud the plaintiff, and the direction that the defendant Maria reconvey the premises involved to the defendant Giuseppe were not warranted by the evidence. The finding that the conveyances were made with actual intent to hinder, delay and defraud the plaintiff judgment creditor is phrased in the language of G. L. (Ter. Ed.) c. 109A, § 7, which provides that, "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors, is fraudulent as to both present and future creditors." The conveyances, however, were to the wife of Giuseppe, through Fargone, and there is nothing to show that they were not made on a meritorious consideration of blood and affection. Such conveyances are not *per se* fraudulent as against creditors. *Jaquith* v. *Massachusetts Baptist Convention*, 172 Mass. 439. Moreover, "Not only is fraud never presumed, but it must be affirmatively alleged and proved by the party who relies upon it, either for the purpose of attack or defence." *Barron* v. *International Trust Co.* 184 Mass. 440, 443. "Generally the question of fraud is one of fact. It must be proved." *Brown* v. *Little, Brown & Co. (Inc.)* 269 Mass. 102, 117. It is not shown by the evidence that the grantor Giuseppe was indebted at the time beyond his probable means of payment after the conveyances, or that the conveyances did in fact hinder, delay or defraud creditors, or that he had. an actual intent to defraud them. It does not appear that when the conveyances were made, "the present fair salable value of his [Giuseppe's] assets . . . [was] less than the amount that . . . [would] be required to pay his probable liability on his existing debts as they became absolute and matured," and hence it cannot be said to have been proved that he was then insolvent within the meaning of G. L.

(Ter. Ed.) c. 109A, § 2 (1). The evidence is not sufficient to show that by the conveyances the defendant Giuseppe was rendered insolvent as to creditors, without regard to his actual intent, within the provisions of § 4, nor that he intended or believed that he would incur debts beyond his ability to pay as they matured. G. L. (Ter. Ed.) c. 109A, § 6. The case must be heard anew.

*Decree reversed.*