ARTHUR T. WASSERMAN, trustee in bankruptcy, *vs.* NATIONAL GYPSUM COMPANY.

Suffolk. December 6, 1956. — January 7, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Corporation,* Ultra vires, Affiliated corporation. *Payment. Conflict of Laws. Estoppel.*

The law of the State in which a corporation is organized determines whether a payment by it of a debt of another corporation is ultra vires. [242]

Warranted findings that the owners of all the stock of a New Jersey lumber corporation acquired the stock of a Virginia lumber corporation "to control it for the benefit of" the New Jersey corporation as the New Jersey corporation "was thereby enabled to purchase lumber, etc., at a better price than otherwise," that the Virginia corporation "was continued in existence for" the New Jersey corporation's benefit, that the owners "operated both corporations as though they were an entity," and that a payment by the New Jersey corporation of a debt owed by the Virginia corporation was "for the benefit of" the New Jersey corporation "in the course of the established business relations between the corporations" justified a conclusion that under New Jersey law the payment by the New Jersey corporation was within its corporate powers. [242, 243]

Evidence that upon the liquidation of a Virginia lumber corporation "its creditors were paid and a dividend paid to the stockholders" warranted a finding that a New Jersey lumber corporation affiliated with the Virginia corporation was then reimbursed by the Virginia corporation for a voluntary payment previously made by the New Jersey corporation, while solvent, of a debt of the Virginia corporation; and neither the New Jersey corporation nor, upon its bankruptcy, its trustee, was entitled to assert that the payment was improper. [244]

CONTRACT. Writ in the Municipal Court of the City of Boston dated June 24, 1955.

The action was heard by *Fox, J.*

*Richard H. Gens*, for the plaintiff.

*Roger P. Stokey*, (*Leonard Wheeler & Paul H. Farrell* with him,) for the defendant.

CUTTER, J. In this action of contract brought in the Municipal Court of the City of Boston, the plaintiff, as trustee in bankruptcy of Shanley Lumber Company, a New Jersey corporation (hereinafter called Shanley), seeks to recover $732.56 as money had and received by the defendant to the plaintiff's use. The trial judge denied various requests of the plaintiff for rulings of law and found for the defendant. A report to the Appellate Division was dismissed. The plaintiff has appealed.

There was evidence at the trial of the following circumstances. One Jacobson and his wife owned all the capital stock of Shanley and all but two shares of Arey and Russell Lumber Company, a Virginia corporation (hereinafter called Arey), which cut and milled lumber in Virginia. Its stock was acquired by Jacobson "for the purpose of assuring Shanley . . . an adequate supply of lumber at low prices." Shanley sold "lumber in Massachusetts which it bought from Arey . . . and others." Jacobson, as president of Shanley, from time to time discharged debts of Arey with funds or checks of Shanley. Separate records were kept for each corporation and their funds were not mingled.

On June 9, 1950, Shanley paid to the defendant $732.56 by check of Shanley to discharge a debt owed by Arey to the defendant. This was done "so as to help preserve Arey . . . as a source of supply of cheap lumber for Shanley." On the face of the check was written "Arey and Russell account," the invoice number and amount, and the discount. The defendant cashed the check and made no inquiry of Shanley about the check.

Shanley and Arey were both solvent on June 9, 1950.

Arey was subsequently liquidated and its creditors were paid in full. Shanley later was adjudicated a bankrupt. Some of the bankrupt's creditors were creditors on June 9, 1950, when the check was given.

The trial judge found that Jacobson and his wife "acquired the stock of Arey . . . to control it for the benefit of Shanley . . . as Shanley . . . was thereby enabled to purchase lumber, etc., at a better price than otherwise . . . that Arey . . . was continued in existence for" Shanley's benefit, that "Jacobson . . . operated both corporations as though they were an entity," and that "the check . . . was issued to Arey . . . for the benefit of Shanley . . . in the course of the established business relations between the corporations." These findings must stand if warranted by the evidence or if they were reasonable inferences from that evidence. See *First National Stores Inc.* v. *H. P. Welch Co.* 316 Mass. 147, 149; *Kellogg* v. *Suher,* 329 Mass. 544, 546.

The trial judge denied requests for rulings of law, which, so far as relevant at all, asked the judge to rule in substance (a) that the check received by the defendant from Shanley was a wrongful diversion of Shanley's funds to Arey of which the defendant was put on notice; (b) that the payment was ultra vires, illegal and void; (c) that as matter of law Shanley and Arey were in no wise affiliated and that the payment was wrongful, and (d) that the evidence did not warrant a finding for the defendant. We think that implicit in all the plaintiff's requests, which were denied, was an erroneous assumption by the plaintiff that Shanley wrongfully diverted its corporate funds to the payment of the debt of another corporation by an act which was ultra vires.

. The law of New Jersey applies to the question of the corporate powers of Shanley, a New Jersey corporation. *Edwards* v. *International Pavement Co.* 227 Mass. 206, 212–213. See *Commissioner of Banks* v. *Chase Securities Corp.* 298 Mass. 285, 313; Restatement: Conflict of Laws, § 156, comment b. See also *Beacon Wool Corp.* v. *Johnson,* 331 Mass. 274, 279–280. However, on the facts found, the re-

sult would be the same under Massachusetts law.  There was here a wholly executed transaction by which Shanley in the regular course of its lumber business and in its current of transactions with Arey (a supplier maintained for its benefit) paid for items purchased by Arey.  Because of the community of business interest between the two corporations and the business purpose of preserving Arey as a source of supply, the trial judge was warranted in concluding that the transaction was within Shanley's corporate powers.  *Whitehead* v. *American Lamp & Brass Co.* 4 Robb. (N. J.) 581, 583–585 (receiver of a guarantor, under an executory corporate guaranty of payment for goods sold to its supplier, held estopped to assert the guaranty was ultra vires, where goods sold were needed for benefit of guarantor). *Hall* v. *Pauser*, 128 N. J. L. 211, 213–214 (corporate guaranty of rent of one of the guarantor's retailers).  See also *Jesselsohn* v. *Boorstein*, 111 N. J. Eq. 310, 312.  Compare *Earle* v. *American Sugar Refining Co.* 4 Buch. 751, 763 (where a corporate loan to an individual was held to be an improper participation in a banking business, although the court indicates that the "loan would have been legitimate had it been made to advance the corporation's business").  See, for Massachusetts law, *American Surety Co.* v. *14 Canal Street, Inc.* 276 Mass. 119, 125, and cases cited (indemnity given to a surety company by a parent corporation against loss on a bond to dissolve an attachment against a subsidiary.[1]  See *Edwards* v. *International Pavement Co.* 227 Mass. 206, 212–213 (Connecticut law applied).

---

[1] See *W. W. Britton Inc.* v. *S. M. Hill Co.* 327 Mass. 335, 338–339, and *Insurance Co. of North America* v. *Commissioner of Insurance*, 327 Mass. 745, 754, and cases there cited, for instances in which there have been considered the incidental powers of Massachusetts corporations to undertake activities reasonably related to their business purposes.  Compare cases where one corporation's activities for the benefit of an individual corporate officer or employee or for the benefit of another corporation, having no reasonable relationship to the corporate business of the first corporation, have been held to be ultra vires.  *J. G. Brill Co.* v. *Norton & Taunton Street Railway*, 189 Mass. 431, 438.  *Johnson & Kettell Co.* v. *Longley Luncheon Co.* 207 Mass. 52, 57.  *Boston Box Co. Inc.* v. *Shapiro*, 249 Mass. 373, 380–381.  *Proctor* v. *Norris*, 285 Mass. 161, 164.  *M. McDonough Corp.* v. *Connolly*, 313 Mass. 62, 67, and cases cited.  Compare also *New Hampshire National Bank* v. *Garage & Factory Equipment Co.* 267 Mass. 483, 488–489.

Here proper intercompany accounts were kept. A finding that Shanley was reimbursed by Arey for the advance (which, of course, created a debt from Arey to Shanley) was warranted by the evidence that, upon Arey's liquidation, "its creditors were paid and a dividend paid to the stockholders." A payment of this type by one corporation for another engaged constantly together, for their mutual benefit, in different phases of the same business, even if it had been ultra vires (which we hold it was not), cannot be recovered by the paying corporation which has been reimbursed for the payment and has suffered no loss. Shanley itself would have been estopped to assert that the payment was ultra vires, and the trustee stands in no better position. The payment discharged Arey's debt to the defendant. Shanley has received the benefit which it desired, the continued availability of Arey as a supplier, and has also received reimbursement. Neither Shanley nor its trustee can now be heard to say that the payment was improper. See *Dome Realty Co.* v. *Gould*, 285 Mass. 294, 301–302; *Whitehead* v. *American Lamp & Brass Co.* 4 Robb. (N. J.) 581, 584.

As Shanley was not insolvent when the check was given, there is no question of fraud or injury to creditors, justifying recovery of the payment (see *Merchants Discount Co.* v. *Esther Abelson, Inc.* 297 Mass. 517, 520; *Kerrigan* v. *Fortunato*, 304 Mass. 617, 620–621), if, as we decide, the payment was not ultra vires. The fact that the payment by Shanley for Arey was voluntary, and not pursuant to any preëxisting obligation of Shanley either to the defendant or to Arey, does not help the plaintiff upon the facts here present. See *Rosenfeld* v. *Boston Mutual Life Ins. Co.* 222 Mass. 284, 289; *Carey* v. *Fitzpatrick*, 301 Mass. 525, 527, and cases cited; *Hinckley* v. *Barnstable*, 311 Mass. 600, 604. Compare *Murphy* v. *Brilliant Co.* 323 Mass. 526, 529–530.

*Order dismissing report affirmed.*