*Municipal Court of the City of Boston*

No. 451975

**ANTONIO DINATALE**

v.

**LOUIS BRENCI AND ANTHONY DESANTIS**

(March 28 — April 22, 1958)

*Present:* Riley, J. (Presiding), Fox and Shamon, JJ.

Case tried to *Lewiton, J.*

*Shamon, J.* Action of contract to recover the sum of $3,500 for *money loaned* to the defendants by the plaintiff. The declaration is in five counts. *Count One* sets forth that the loan was made to the defendants as individuals and not to a corporation by the same name in which the individual defendants were

officers. *Count Two alleges* that the loan was intended to be made to the individual defendants but in error the note delivered to the plaintiff was made by the corporation, Brenci and DeSantis Co., Inc. *Count Three* alleges that the defendants committed a fraud on the plaintiff in delivering to him a note of Brenci and DeSantis Co., Inc., when he intended and understood that he was making a loan to the individual defendants, Louis Brenci and Anthony DeSantis. *Count Four* is a common count for money had and received. *Count Five* is a common count for money loaned by the plaintiff to the defendants.

The defendants filed a general denial and alleged that they acted as agents of the Brenci and DeSantis Co., Inc., in making the loan, lack of consideration, and that their promise was to pay the debt of another, viz., the Brenci and DeSantis Co., Inc., and therefore was not binding since it was not in writing.

*There was conflicting evidence at the trial* that the plaintiff and defendants had several conversations prior to September 8, 1952 in which the plaintiff was importuned to lend the defendants the sum of $3,500 to be put into the contracting business of the defendants as additional capital; that the plaintiff was at that time working for the defendants as a laborer; that he had no knowledge of the existence of the Brenci and DeSantis Co., Inc., or that the defendants were "a company"; that he was told by the defendants that if the loan were made to them, he would be given

a job as a truck driver or a "boss"; that the defendants never said anything to the plaintiff about a loan to a corporation until some five months after it was made; that the plaintiff was unable to comprehend the English language and testified at the trial through an interpreter.

*There was further evidence that* when the plaintiff decided to make the loan, he was given a memorandum to be shown to the bank from which he was to withdraw the money, instructing the bank to make the check to the order of Brenci and DeSantis Co., Inc.; that on September 8, 1952 the plaintiff delivered to the defendants the sum of $3,500 of which $500 was in cash and $3,000 in the form of a check payable to Brenci and DeSantis Co., Inc., which check was admitted in evidence and showed on the reverse side thereof an endorsement for deposit only to the account of Brenci and DeSantis Co., Inc.; that on the same date, the defendants executed a note dated September 8, 1952 payable to the plaintiff or order for five years without interest.

At the close of the evidence, the defendants filed seven requests for rulings of law and being aggrieved by the action of the court on requests numbered two, five and six, this report is brought. These requests and the court's ruling thereon follow:

"2. Where what is given by one to another purports on its face to set forth terms of a contract one who receives it whether he reads it or not, by accepting it assents to its terms and is bound by any limitation of liability

therein contained, in the absence of fraud. *Kergald v. Armstrong Transfer Express Co.,* 330 Mass. 254. Ruling: *Inapplicable. See findings."*

"5. A promissory note is an agreement in writing and where the agreement is in writing a court of law will be bound by the terms contained in its four corners. Ruling: *Inapplicable. See findings."*

"6. A mistake of one party only to a contract which is not known to the other is ordinarily no grounds for relief either in law or equity. *Winston v. Pittsfield,* 211 Mass. 356. Ruling: *Inapplicable. See findings."*

## In making the foregoing rulings, the court found that

"The defendants on several occasions requested the plaintiff to loan money to them. On at least one occasion the defendant Brenci, in urging the loan, assured the plaintiff that the two defendants would repay the loan, but that if one of them should fail to do so, the other would repay it. The plaintiff, as the result of such requests and assurances by the defendants, loaned $3,500 to them. I do not find that there was any discussion of a loan to a corporation of which the defendants were stockholders and officers. While part of the loan was in the form of a bank check made payable to the corporation, this resulted from the fact that the defendants prepared and gave to the plaintiff, who could neither read or write English, a memorandum to be delivered by the plaintiff to his bank, as to the manner in which the check was to be made out. Thus, while the loan was made to the defendants, the check was at their request made payable to the corporation.

"When the plaintiff delivered the check and cash to the defendants, they gave him a note which, as they knew, he could not read. There is no evidence that they told him it was a corporation note, as it was. The plaintiff assumed it was a personal note or receipt of the defendants. Subse-

quently, when he learned that it was a corporate note, he returned it to the defendants and they retained it.

"I find that no part of the loan has been repaid and I find for the plaintiff on count five, and for the defendants on the other counts."

There was ample evidence that the loan was made to the individual defendants, and that the plaintiff refused to substitute the corporation as the debtor when he learned that he had been given a corporate note.

The trial judge was free to believe this evidence and to determine the credibility of the witnesses.

His finding for the plaintiff imports a finding of all the facts necessary to warrant such a determination. *J. P. O'Connell Co. v. Maryland Casualty Co.,* 302 Mass. 232; *Gerrish Dredging Co. v. Bethlehem Shipbuilding Corp., Ltd.,* 247 Mass. 162; *Boston Box Co., Inc. v. Shapiro,* 249 Mass. 373. In such a case, the only question of law presented is whether a finding for the plaintiff can be supported on any reasonable interpretation of the evidence, including legitimate inference therefrom. *Adams v. Dick,* 226 Mass. 46, 53; *Engel v. Checker Taxi Co.,* 275 Mass. 471. The finding of the trial judge is conclusive if supported by any reasonable view of the evidence. It cannot be said that the evidence and the permissible inferences therefrom, did not justify the finding for the plaintiff. *Millmore v. Laundau,* 307 Mass. 589, 590.

In view of the findings made by the trial judge in his detailed findings of fact,

the requests for rulings numbered 2, 5 and 6, filed by the defendant were clearly inapplicable to those findings and the court's ruling thereon was correct. There was no error of law.

*Report dismissed.*

Auburn & Auburn of Wellesley, for the Plaintiff.
Joseph A. Todisco, for the Defendant.