*Southern District*

**FRANK REIS d. b. a. STEPHEN R.**

**v.**

**RONNY & DANNIE CORPORATION**

*Present*: Nash, P. J., Cox & Sgarzi, JJ.

Case tried to *Horrocks. J.* in the Third District Court of Bristol. No. 2844.

*Sgarzi, J.* The plaintiff sues in contract to recover damages for the alleged breach by the defendant of an agreement to buy certain fish. It is alleged in the declaration that the defendant agreed to buy an entire catch of fish at a determined price but when the fish was delivered the defendant refused to accept a certain portion of the catch whereby the plaintiff was compelled to sell the rejected fish at a lower price thereby sustaining a loss for which recovery is sought. The defendant answered by general denial and by allegation that the rejected fish was small, undersized and of poor quality and further alleged that

since the fish was in fact sold by the plaintiff and payment received therefore he incurred no damage and is therefore not entitled to recover.

*There was evidence that* the plaintiff was owner and captain of a fishing vessel called the "Stephen R" and that on August 5, 1960 the vessel came into the port of New Bedford with a load or catch of fish. The entire load was put up for auction in the regular course of business and was purchased by the defendant acting through its treasurer and general manager for the price of $2254.84. The load included among other kinds and quantities of fish 3500 pounds of yellowtail which was purchased by the defendant at its bid price of 15.05 cents per pound. When the plaintiff delivered the load of fish to the defendant he first unloaded 12,000 pounds of black back which was accepted by the defendant but before unloading the yellowtail the defendant's treasurer complained that the price was too high and he would not take the fish because they were too small. The defendant refused to take the yellowtail whereupon the plaintiff departed and later in the day sold them to another dealer for $200.75.

Both parties agree that the transaction was conducted in accordance with the custom of the trade in the port of New Bedford which provided that when a catch is sold at auction, the buyer is bound by his bid but if it appears when the fish are unloaded that they are of poor quality or undersize, the parties are re-

quired to compromise. The quality of the fish is determined by the "State Fish Inspector," presumably an official of the Department of Public Health, while the size of the fish is determined by the "Fish Weigher," an official appointed by the Mayor of the city. The minimum weight for yellowtail was established by the Commissioner of Labor and Industries at one half pound each.

The "State Fish Inspector" did not examine the fish and therefore made no official determination of quality but there was evidence that they were of good quality. The fish were not all weighed but there was evidence from the "Fish Weigher" that while standing six feet away he saw two baskets of the fish being weighed and they "were a small run, some were one half pound and under, some were over one half pound." He did not however, personally weigh the fish. There was other evidence that a witness who weighed the two baskets of fish totaling about 160 pounds found that they all exceeded one half pound in weight.

At the conclusion of the evidence and before final argument the plaintiff made twenty-four resquests for rulings of law while the defendant made none.

The court found for the plaintiff in the sum of $555.77 representing the difference between the purchase price of $2254.84 less the amount paid by the defendant for the fish which it accepted, $1498.32 and the amount received by the plaintiff upon the

ultimate sale of the yellowtail, namely $200.75. Further the judge made special findings of fact to the effect that the fish were of good quality and that with regard to size since the "Weigher" had not weighed the fish and determined whether a sufficient number of them were undersized to warrant his calling for a compromise of the price under the custom, and since he had not in fact called for such a compromise, the court accepted the evidence of the plaintiff that the fish were all of sufficient size and therefore found for the plaintiff.

Of the plaintiff's requests for rulings of law the court denied two and granted twenty-two. Of the requests which were allowed the defendant claims to be aggrieved by the allowance of Requests No. 3, 11, 15, 17, 18, 21, 23 and 24. The substance of these requests was that the catch of fish conformed to the standards of the Commissioner of Labor and Industries; that the defendant wrongfully refused to accept the entire load of fish; the fish was ultimately sold in good faith and in a commercially reasonable manner; the evidence warranted a finding for the plaintiff; and (24) that there was insufficient evidence to warrant a finding for the defendant.

While the plaintiff's request No. 24 should have been denied since there was evidence to support a finding for the defendant, the request became immaterial in view of the special findings of fact and therefore any error involved is not prejudicial. *Liberatore*

v. *Framingham*, 315 Mass.538; *Ricciardone v. Garvelli*, 334 Mass. 228; *Freeman v. Robinson*, 238 Mass. 449.

■ The case was tried on the basis that the rules and customs prevailing in the city of New Bedford with regard to the sale of fish by fishermen using the port, governed the transaction between the parties. The fair application of these rules to the facts reported suggests that the real issue involved is whether the yellowtail fish were of the required size, namely one half pound each, and if so, upon the refusal of the defendant to accept them, whether the plaintiff acted reasonably and properly in disposing of them as he did.

■ The defendant was bound by its bid of $2254.84 for the purchase of the entire catch of fish and could avoid it only by complying with the rules and custom. These rules required him to obtain a ruling from the "Fish Weigher" with regard to their size and in the event these rulings showed either sub-standard quality or below minimum size the defendant could compel negotiations for compromise or adjustment. On the evidence reported the judge was justified in finding that neither of these courses was properly pursued by the defendant and he was therefore justified in finding on the evidence before him that the fish were of good quality and of sufficient size.

■ We are left with the question of whether the plaintiff acted properly in dis-

posing of the fish. Although the defendant did not raise the question by appropriate requests for rulings of law it now argues in the brief that the resale of the fish by the plaintiff was not made in accordance with the provisions of G. L. c. 106, §2-706. This section of the Commercial Code provides that where a resale is made at private sale, reasonable notice of intention to resell shall be given by the seller to the buyer. It also provides that the sale be made in good faith and in a commercially reasonable manner. The judge found that the price obtained by the plaintiff for the fish "was a fair and reasonable market price considering the time of day and the fact that it was a perishable item." This conclusion was amply supported by the evidence and is in substance a finding that the sale was made in good faith and in a commercially reasonable manner.

The report is silent as to whether any notice of intention to resell at private sale was given but this question was not raised by appropriate requests for rulings of law. As indicated in the case of *MacDonald v. Adamian*, 294 Mass. 187 if a question is not raised by a request for rulings of law, it cannot be considered. *Weiner v. Schulte*, 275 Mass. 379; *Walker v. Nickerson*, 291 Mass. 522.

In any event there is nothing in the report to indicate that notice was not given and it would not be inappropriate to apply the familiar rule that a general finding im-

ports the finding of all subsidiary facts necessary to support it. *O'Connell v. Maryland Casualty Co.*, 302 Mass. 232; *Mahoney v. Norcross*, 284 Mass. 153; *Nicoli v. Berglund*, 293 Mass. 426.

We find no prejudicial error and the report should be ordered dismissed.

Chris Byron, of New Bedford, for the Defendant.