*Municipal Court of the City of Boston*
No. 74810
No. 74811
No. 74812
No. 74813
JASON E. TREISMAN
JAMES HERSCOT
ROBERT B. BAUMBERG
ROBERT S. TREISMAN
v.
HENRY B. LAIDLAW, ET AL, d/b/a
LAIDLAW AND COMPANY
(November 15, 1963—February 14, 1964)
(Reargued January 24, 1964)

*Present*: Lewiton, J. (Presiding), Gillen & Roberts, JJ.

Case tried to *Shamon, J.*

*Lewiton, J.* These are four actions of contract, in each of which one of the plaintiffs seeks to recover from the defendant stockbrokers the amount paid to them by the plaintiff in connection with the purchase of certain securities. Basically, it is the contention of the plaintiff in each case that there was a sale, or a solicitation for sale, of the securities in question, in Massachusetts, by the defendants to the plaintiffs, notwithstanding the fact that the securities in question had not been qualified for sale in this state under the Sale

of Securities Act (G. L. (Ter. Ed.) c. 110A, as amended), and that no Notice of Sale had been filed pursuant to that Act by the defendants prior to the alleged sale, or solicitation for sale, to each of the plaintiffs. The cases were tried together. The trial judge denied certain rulings requested by each of the plaintiffs, and made detailed findings and rulings, following which he found for the defendant in each case. In the consolidated report before us, the plaintiffs severally claim to have been aggrieved by the denial of their requested rulings.

*We find no error.* The material facts found by the trial judge with respect to the *Jason E. Treisman* case (which were substantially similar to findings made in the other cases, all of which findings were warranted by the evidence), were as follows:

That the plaintiff was a close friend and customer of one Phillips, a registered stock salesman employed by the defendants; that he had relied on Phillips to supply him with data on securities and he had made known to Phillips that he (the plaintiff) was interested in speculative securities, mainly those traded in the "over-the-counter" market; that on one occasion, Phillips related to Treisman certain information which the former had received from a senior partner in the defendant firm pertaining to common stock of Chesapeake Instruments Corp. ("Chesa-- peake"); that this information was supplied to the plaintiff by Phillips in a "fair frank

and arms length manner"; and "was such as to acquaint and impress the plaintiff with the speculative nature of the stock and that in fact Phillips warned the plaintiff that he could lose as well as gain on the purchase;" that after this, Treisman gave an order to Phillips to purchase some shares of Chesapeake common stock at market price, and that this order was given "voluntarily, without urging or solicitation, looking to a sale"; that the order was executed by the defendants on April 3, 1961, by purchase of the stock of Chesapeake for the plaintiff from Drexel & Co. in Philadelphia, the defendants acting as Treisman's agents in this transaction; that there was no sale in Massachusetts, as the stock was bought by the defendants for the plaintiff as his agent on a commission basis in Philadelphia; that there was no solicitation by the salesman, Phillips, of the plaintiff to purchase the shares of Chesapeake Instruments Corp., but the information submitted to the plaintiff by Phillips was within the range of the regular business of a customer's man, so-called, to keep his customers informed about stocks.

The court ruled (though stated as findings) that since the defendants acted as the plaintiff's agents in the purchase of the stock of Chesapeake from Drexel & Co. for the plaintiff, there was no sale to the plaintiff by the defendants within the purview of the Sale of Securities Act and that the provisions of §2(d) of c. 110A of the Gen. Laws are not

applicable to such transactions.

It is clear that the trial judge was correct in finding and ruling that there was no "sale" of the securities in question by the defendants in Massachusetts, within the meaning of the Sale of Securities Act. *Gill v. Hornblower,* 294 Mass. 26; *Herscot* v. *Gerold,* 346 Mass. 611.

The plaintiffs have argued that the scope of the statute was broadened by the amendment of 1938 (St. 1938, c. 445) to such an extent that it would also bring an agency type transaction, such as took place in these cases, within the scope of §2(d). However, this interpretation was rejected by the Supreme Judicial Court in *Herscot v. Gerold,* 346 Mass. 611.

The plaintiffs also argue that they are entitled to recover on the ground that Phillips had made solicitations to the plaintiffs looking toward a sale of securities to them. The short answer to this argument is that the trial judge found that there was no solicitation of the plaintiffs by Phillips to purchase the stock in question. Whether we would have made the same finding on this point is immaterial. It is sufficient that the trial judge was warranted in making the finding. *Wasserman v. Nat. Gympsum Co.,* 335 Mass. 240, 242; *Piekos v. Bachand,* 333 Mass. 211, 213; *Kellog v. Suher,* 329 Mass. 544, 546; *Banks v. Election Comm'rs of Boston,* 327 Mass. 509, 513; *First Nat. Stores, Inc. v. H. P. Welch Co.,* 316 Mass. 147, 149.

Finally, the plaintiffs argue that if the Sale of Securities Act is held inapplicable to agency transactions such as those involved in these cases, the purposes of the statute will be frustrated, and Massachusetts purchasers of securities will be deprived of the protection which the statute was intended to afford them. While there may be considerable substance to this argument, it is one which should be addressed to the Legislature, which alone has the power, by amending the statute, to expand the scope of its coverage.

Report dismissed.

Sumner H. Woodrow, of Boston, for the Plaintiff cited the following:

*Howell v. First of Boston International Corp.,* 309 Mass. 194; *Commissioner of Banks v. Chase Securities Corp.,* 298 Mass. 285; *Twenty-four Federal Street Corp.,* 295 Mass. 234, 236; *Gill v. Hornblower,* 294 Mass. 26, 27-28; *Grueby v. Chase Harris Forbes Corp.,* 292 Mass. 156, 158; *Goodwin v. Simpson,* 292 Mass. 148, 155; *Cummings v. Hotchkin Co.,* 292 Mass. 78, 81; *Bauer v. Bond & Goodwin, Inc.,* 285 Mass. 117, 118; *Kneeland v. Emerton,* 280 Mass. 371, 376 (Leading Case). Uniform Commercial Code G. L. c. 106, §8-313. *Hall v. Geiger-Jones Co.,* 242 US 539, 550; *Hammon v. Paine,* 56 F2d 19; *Wilco v. Swan,* 127 F. Supp. 59; *Wall v. Wagner,* 125 F. Supp. 858; *Cady v. Murphy,* 113 F2d 988; *Morse v. Noyes,* 13 F. Supp. 39; *Link Petter & Co. v. Pollie,* 241 Mich. 356 (Leading Case); *Boehm v. Granger,* 50 NYS2d 845; 54 Harv. Law Rev. 150; Loss & Cowett, Blue Sky Regulations, 209.

H. Erik Lund for the Defendant.